CARL O. NYMAN, Defendant in Error, *vs.* THE MANUFAC-
TURERS AND MERCHANTS LIFE ASSOCIATION, Plaintiff
in Error.

*Opinion filed February 21, 1914—Rehearing denied April 9, 1914.*

1. BENEFIT SOCIETIES—*when issue as to good health of assured
at time of application is properly submitted to jury.* If the evi-
dence upon the question whether the decedent was in good health
on the day she made application for the benefit certificate is con-
flicting, it is proper for the court to submit that issue to the jury.

2. SAME—*when issue as to whether decedent was in good health
when certificate was delivered should not go to the jury.* If there
is positive, uncontradicted testimony that upon the day the benefit
certificate was delivered the member was afflicted with Bright's
disease, which resulted in her death a few months later, the issue
upon that matter cannot be submitted to the jury, even though the
report of the medical examiner for the benefit society, which is
in evidence, shows that eight days before the certificate was deliv-
ered the member was in good health.

3. SAME—*when acceptance of premiums does not operate as an
estoppel.* Where the contract of insurance requires that the mem-
ber shall be in good health on the date the benefit certificate is de-
livered, the fact that the agent of the society, without any knowl-
edge that the member was not in good health on that date, accepted
the premium does not operate as an estoppel against the right of
the society to show that she was not in good health on that date;
nor can such estoppel be based upon the fact that another premium
was accepted after the member was known to be ill.

4. INSTRUCTIONS—*an instruction cannot ignore issue if there is
any evidence tending to prove it.* An instruction authorizing a re-
covery if the jury believe certain things have been proven cannot
ignore an issue made by a special plea even though it is not sus-
tained by a preponderance of the evidence, provided there is any
evidence fairly tending to support such issue.

WRIT OF ERROR to the Appellate Court for the Second
District;—heard in that court on appeal from the Circuit
Court of Winnebago county; the Hon. ARTHUR H. FROST,
Judge, presiding.

BOTSFORD & MCCARTHY, (R. K. WELSH, of counsel,)
for plaintiff in error.

J. E. GOEMBEL, (WALTER E. HEALY, and G. R. BEV-.ERLY, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Carl O. Nyman, defendant in error, (hereafter called plaintiff,) brought an action of assumpsit in the circuit court of Winnebago county on December 24, 1910, against the Manufacturers and Merchants Life Association, plaintiff in error, (hereafter called defendant,) to recover on a certain contract of insurance or benefit certificate issued by defendant on the life of Anna S. Nyman, in which benefit certificate plaintiff, her son, was named as beneficiary. The amount of such benefit certificate was $2000.

The declaration alleged the issuance on April 15, 1910, and subsequent delivery, of the benefit certificate to insured, naming plaintiff as beneficiary; the payment of assessments by insured as they became due; the death of insured June 22, 1910; that proof of death was furnished the defendant about June 30, 1910, and that defendant had not paid plaintiff, as beneficiary, the amount of the benefit certificate ($2000) but refused to do so.

Defendant filed the general issue and three special pleas. The first and second special pleas averred that plaintiff's only cause of action set out in the declaration was founded upon the alleged contract of insurance, which was made up of a benefit certificate, an application for membership and the by-laws of the association; that the insured, Anna S. Nyman, agreed and warranted that the answers to the questions in said application made by her were true; that she agreed such answers should form a part of the contract of insurance; that in and by the said benefit certificate it was agreed that the warranties were part of the contract, and the certificate was issued in reliance upon the warranties in the application and the truth of the answers therein contained. The first special plea avers the application of Anna S. Nyman to defendant was made April 11, 1910, and that

in said application she was asked the question, "Are you in good health?" to which she answered, "Yes." The plea avers that said answer was untrue, and that said Anna S. Nyman was not then in good health but was at that time afflicted with Bright's disease and other sickness, by reason of which the contract of insurance was void and of no effect. The second special plea avers that in her application Anna S. Nyman was asked, "When were you last attended by a physician?" to which question she answered, "About two years." The plea concludes substantially as the first special plea. The third special plea avers that the benefit certificate contained, among other things, the provision, "This certificate to take effect and be in force only on the day received by the member and on condition that she then be in good health." The plea avers that on the date of the delivery of the certificate Anna S. Nyman was afflicted with, and was then being treated for, a fatal malady or disease known as Bright's disease; that said Anna S. Nyman knew she was not in good health and that the defendant association did not learn of that fact until after her death. Copies of the application were filed with and made part of the special pleas.

Plaintiff filed replications to the first and second pleas, averring that the answers to the questions set out in said pleas were true; and to the third plea, that Anna S. Nyman was in good health when the certificate was received by her and was not suffering from the malady known as Bright's disease. A trial by jury resulted in a verdict and judgment in favor of plaintiff for the amount of the certificate, with interest thereon. On appeal by defendant to the Appellate Court for the Second District the judgment was affirmed, and the record is brought to this court for review by writ of *certiorari.*

At the conclusion of all the evidence defendant moved the trial court to direct a verdict in its favor. The action of the court in overruling this motion, and in giving one

instruction for plaintiff, are the questions raised upon the record in this court.

Defendant insists the evidence shows that the statements of Anna S. Nyman in her application that she was in good health and that it had been two years since she was last attended by a physician were false; also, that when the certificate was delivered to said Anna S. Nyman, April 19, 1910, she was fatally ill with Bright's disease; that she knew she was so afflicted and that defendant did not know it until after her death. Whether the answers made to the questions in the application for the certificate were true or false, and whether the insured was afflicted with Bright's disease when the certificate was delivered to her, were by the pleadings made issues of fact to be determined from the evidence. The error assigned on the refusal of the instruction to direct a verdict for defendant renders necessary an examination of the evidence.

The application for the certificate was made April 11, 1910, and recites that Anna S. Nyman is by occupation a housewife, that she is forty-five years old, and that the beneficiary named in the certificate is her son. It further recites that the declarations in the application were made and signed by the applicant in the presence of the medical examiner of defendant. In answer to questions in said application the applicant stated she was in good health and was last attended by a physician about two years before. The medical examiner of defendant in his report stated that after a physical examination of the applicant and chemical examination of urine he found her pulse 72 and regular; temperature $98\frac{2}{5}$; height 5 feet 7 inches; weight 127 pounds; chest measurement 32; expiration 30; inspiration 34; and that upon examination of the urine the re-action was acid, specific gravity 10.20, and that there was no albumen or sugar. The medical examiner stated the applicant was a first-class risk. This examination was made April 11, 1910. Thereafter the certificate was issued, and on the

19th of April, 1910, it was delivered by a representative of defendant to Anna S. Nyman. On that day she consulted Dr. Hanson at his office. The doctor testified he found her suffering from gastritis, catarrh of the stomach and dropsy or swelling of the legs, also from an accumulation of water in the abdominal cavity. At that time the doctor did not examine her urine but did examine it the 21st of April. He found it to contain albumen, and diagnosed her principal trouble as Bright's disease. He testified it would be difficult to tell how long she had been so afflicted, but the disease was in a chronic form and might have existed two or three months, or probably longer. He testified it must have existed at least two months or more. He treated Mrs. Nyman until the 18th or 19th of May, during which time he saw her almost every day, made several examinations of the urine, and testified she was suffering from Bright's disease during all that period. Dr. Fitch examined her on May 20 and 23. In his affidavit accompanying the proofs of death he stated she had Bright's disease, and that its duration, from the history given him, was two or three months. Dr. Kimball was called to see Mrs. Nyman June 8 and visited her six or eight times between that time and her death, which occurred June 22. He diagnosed her trouble as Bright's disease, and said her condition was hopeless and she was near the end when he first saw her. He testified the cause of her death was Bright's disease. In his sworn certificate accompanying the proofs of death he gave the duration of the disease as two or three months.

According to the medical testimony there are two forms of Bright's disease: acute and chronic. The acute form usually follows some infectious or other disease and is not of long duration. The chronic form is not of sudden development and may continue over a considerable period of time. Both parties on the trial introduced medical witnesses to whom they propounded hypothetical questions. The questions to defendant's witnesses embraced the symptoms and

conditions of Mrs. Nyman testified to by Dr. Hanson as existing on the 19th of April, and the symptoms and conditions described by Drs. Fitch and Kimball as existing subsequently and up to the time of her death. Assuming those conditions to have existed, the medical witnesses testified that in their opinion Mrs. Nyman had Bright's disease on the 19th day of April and prior thereto. The hypothetical questions asked plaintiff's medical witnesses embraced the statements made as to the physical condition of Mrs. Nyman in the report of the medical examiner, and upon the assumption her condition was as reported by said medical examiner the witnesses gave it as their opinion that she was in good health on the 11th day of April, 1910, and was not afflicted with Bright's disease on the 19th day of said month.

The proof shows that Mrs. Nyman died from chronic Bright's disease June 22, 1910. According to the medical examiner's report she was not afflicted with the disease on the 11th of April. According to the testimony of Dr. Hanson and some other medical witnesses it had existed for some time prior to April 19. To this extent there was a conflict in the evidence as to the condition of Mrs. Nyman's health on the 11th day of April. Upon the issue made by the second special plea Dr. Hanson testified Mrs. Nyman told him, when she called at his office April 19, that she had previously consulted Dr. Nyman. He did not state she mentioned any time nor whether it was within two years prior to April 11. Dr. Nyman testified he had visited Mrs. Nyman once. He could not give the date but thought it was within two months of her death. Plaintiff testified that Dr. Nyman visited his mother June 16 or 18. The court did not err in submitting to the jury the issues made by the first and second special pleas. *Union Bridge Co.* v. *Teehan,* 190 Ill. 374; *Chicago and Northwestern Railway Co.* v. *Dunleavy,* 129 id. 132; *Boyce* v. *Tallerman,* 183 id. 115.

The most serious question is presented by the issue made by the third special plea. We have above referred to the

262 — 20

substance of the testimony offered in support of and in opposition to that plea. The plea was abundantly sustained by the proof offered by defendant. No one testified to personal knowledge of the condition of health of Mrs. Nyman on April 19 except Dr. Hanson. The testimony of Drs. Fitch and Kimball tends to corroborate his testimony that she was on that day afflicted with Bright's disease. If there was no evidence fairly tending to contradict defendant's proof upon that issue the court should have directed a verdict for defendant. If there was evidence legitimately tending to rebut the plea then the issue should have been submitted to the jury. Plaintiff contends that the medical examiner's report made on the 11th day of April tends to rebut defendant's testimony that Mrs. Nyman was not in good health when the certificate was delivered to her, April 19. This contention is based upon the theory that the medical examiner's report shows her to have been in good health April 11, and that it is a legitimate inference she did not have Bright's disease on April 19. It is true the medical examiner's report tended to show Mrs. Nyman was in good health April 11, but under the conditions of this record it would be carrying the inference too far to say it tended to show her condition on the 19th. The proof is direct and positive that on the last named date she was not in good health, and that two months and three days later she died from the disease the proof showed she was suffering from on that day. If there had been no proof of the condition of Mrs. Nyman's health on the day the certificate was delivered, then there would be some force in plaintiff's contention that the inference might be indulged that if she was in good health on April 11 she so continued until the 19th. But no such inference can be indulged when the uncontradicted proof shows she was in bad health the day the certificate was delivered and so continued until her death. Defendant proved its third special plea and in our opinion plaintiff offered no evidence that legitimately tended to rebut defendant's evi-

dence.   The trial court therefore erred in refusing to direct a verdict in favor of defendant under the issue made by the third special plea.   *Libby, McNeill & Libby* v. *Cook,* 222 Ill. 206.

We are referred to *Rhode* v. *Metropolitan Life Ins. Co.* 129 Mich. 112. The policy sued on in that case contains a provision that the company should not be liable unless the insured was alive and in good health when the policy was delivered and the premium paid and accepted by the company.   In the opinion the court said there was proof strongly tending to show that the insured was afflicted with pulmonary consumption at the time the policy was delivered.   The medical examiner's report appears to have been offered in evidence by plaintiff and its competency was objected to by defendant.   The court held it was competent and that it authorized submission of the issue to the jury.   We do not agree with that decision and are not disposed to follow it.

It is further insisted by plaintiff that defendant, by accepting and retaining premiums or assessments from the insured, is estopped from denying the validity of the certificate.   The first premium was paid on the day the policy was delivered and the last one two days before the insured's death.   There is no proof whatever that defendant or its agent knew, before the death of Mrs. Nyman, that at the time the policy was delivered and the first premium paid she was not in good health.   Receiving premiums subsequently, with knowledge that she was then ill, could have no significance if defendant was ignorant of the fact that the insured was in bad health when the policy was delivered and the first premium paid.   If Mrs. Nyman had been in good health when she received the policy and paid the first premium defendant would not have been justified in refusing to accept premiums if she afterwards became ill.   The knowledge that would estop defendant from denying liability in this case must be knowledge that the insured was not in good health when the policy was delivered.

The third instruction given on behalf of plaintiff, after reciting what was necessary for plaintiff to prove in the first instance in order to warrant a recovery, told the jury that if such proof had been made then the verdict should be for plaintiff, provided the jury further believed that Mrs. Nyman was in good health at the time she made application for the insurance and at the time she received the certificate. The instruction ignored the issue made by the second special plea, as to whether Mrs. Nyman's statement in her application was true that she was last attended by a physician about two years before. The fact that the plea was not sustained by the weight or preponderance of the evidence did not justify ignoring the issue. If there was any evidence fairly tending to support the plea the defendant was entitled to the benefit of it and to have it considered by the jury. In the form the instruction was given it was erroneous.

For the errors indicated the judgment is reversed and the cause remanded.        *Reversed and remanded.*