(No. 15460.—Reversed and remanded.)

MINNIE FERRERO, Appellee, *vs.* THE NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY, Appellant.

*Opinion filed October 20, 1923.*

1. APPEALS AND ERRORS—*when an instruction directing a verdict should be given.* If the evidence before the jury in a suit at law, with all reasonable inferences to be drawn therefrom, requires a particular verdict, and any other verdict, if returned, must be set aside, a request for an instruction directing the jury to return such a verdict should be granted and the instruction given.

2. SAME—*when defendant does not waive right to an instruction directing a verdict.* By introducing evidence after the refusal of a request for an instruction to direct a verdict the defendant waives any error in such refusal on the evidence as it then stood, but if the defendant renews his request at the close of all the evidence there is no waiver of the right to have such instruction given on the whole evidence.

3. BENEFIT SOCIETIES—*statement in proofs of death is admissible but not conclusive as to cause of death.* In an action on a benefit certificate a statement in the proofs of death that the insured died by his own hand is admissible though not conclusive as to the manner of death, and the defendant has the burden of establishing the fact of suicide notwithstanding such statement.

4. SAME—*when acceptance of dues does not waive cause of forfeiture.* Receipt of dues by the proper officer of a local benefit society after the insured has attempted to commit suicide by cutting his throat but before his death resulted from such act, is not a waiver of a provision of the by-laws limiting liability in case a

member dies by his own hand, where the plaintiff makes no proof that such officer knew of the attempted suicide or received the payment in recognition of the validity of the certificate knowing of the cause of forfeiture.

5. WAIVER—*what necessary to constitute a waiver.* A waiver is the intentional relinquishment of a known right, and there must be both knowledge of the existence of the right and an intention to relinquish it, and the burden is upon the party claiming a waiver to prove that the one charged to have waived the right knew of the fact entitling him to such right and of the facts upon which the alleged waiver is based.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on writ of error to the City Court of East St. Louis; the Hon. M. MILLARD, Judge, presiding.

A. W. FULTON, JOHN V. MCCORMICK, S. J. FULTON, W. PAUL MOBLEY, and EDGAR P. HOLLY, for appellant.

BEASLEY & ZULLEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On February 19, 1919, Paul J. Ferrero became a member of the local council of the Knights and Ladies of Security at Tilden, in this State, and a benefit certificate of the National Council for $1000, payable to his wife as beneficiary, was issued and delivered to him. He remained a member of the local council until his death, on May 10, 1921. The appellee, Minnie Ferrero, his widow, brought this suit in the city court of East St. Louis against the appellant, the National Council, and recovered a judgment for $952 and costs. The National Council took the record by writ of error to the Appellate Court for the Fourth District, and that court affirmed the judgment and allowed a certificate of importance and an appeal to this court.

The declaration set forth the benefit certificate and alleged compliance with all its terms, provisions and conditions. The defendant filed a plea of the general issue and

special pleas setting forth two defenses. One defense alleged was that there was a provision of the laws of the society that in case anyone holding a certificate should attempt to commit suicide, either sane or insane, the certificate should become null and void, and that the insured on April 3, 1921, attempted to commit suicide. The other defense alleged was based on a provision that in case any member should die by his own hand, whether sane or insane, the full liability of the society should be the amount actually paid by the member to the benefit fund, and it was alleged that the insured died as the result of a wound inflicted upon himself with suicidal intent, and that the amount paid to the benefit fund was $31.10, which had been tendered to the beneficiary and refused. The plaintiff joined issue on the pleas and there was a trial by jury, resulting in a verdict for the plaintiff for $952, upon which the judgment was entered.

The material question of law which this court is called upon to consider arose upon the refusal of the trial court to direct a verdict that the plaintiff was entitled to recover the sum of $31.10 and the verdict should be for the plaintiff for that sum. Where the evidence before the jury, with all reasonable inferences to be drawn therefrom, requires a particular verdict, and any other verdict, if returned, must be set aside, a request for an instruction for such a verdict should be granted and the instruction given. The question whether the evidence, with all the legitimate and natural inferences to be drawn therefrom, necessarily leads to a certain conclusion is a question of law. The defendant, at the conclusion of the evidence for the plaintiff, asked the court to direct the verdict as stated and tendered an instruction which the court refused to give, and at the conclusion of all the evidence the request was again made and the instruction tendered and it was again refused. The Appellate Court did not consider the refusal, stating as a reason that the defendant waived its right by offering evi-

dence on its part after the close of the evidence for plaintiff. By introducing its evidence after the refusal of the first request the defendant waived any error in refusing that instruction on the evidence as it then stood, but the request was renewed at the close of all the evidence, so that there was no waiver of any right to the instruction on all the evidence.

The conditions of the contract of Ferrero with the defendant were as alleged in the special pleas and there was no controverted question of fact. It was proved that on April 8, 1921, the insured, Ferrero, attacked his wife with a hatchet at their home in Tilden. She ran from the house, screaming and covered with blood, leaving no one in the house but her husband and their three children, aged two, six and eight, respectively. Neighbors entering the house found Ferrero sitting in a chair with a hatchet lying on the table near him and a razor covered with blood lying on the floor within his reach. The floor was covered with blood and his throat was cut, severing the upper part of the trachea, which also has the commonplace name of windpipe. A doctor was called, who put stitches in the trachea, closing the wound. There was an inquisition of the mental condition of Ferrero and he was committed to the asylum for the insane at Anna. On his admission there, on April 20, 1921, it was found that the razor had completely severed the upper end of the trachea and there were stitches in the trachea but it did not unite. When Ferrero attempted to eat, food escaped through the wound, and in breathing, air and matter causing infection entered to the lungs. Ferrero said that he cut himself with the razor and the wound did not heal, and he died on May 10, 1921, as a result of his act. The cause of death given in the proofs of death and coroner's verdict was aspiration pneumonia, and in the proofs of death submitted by the plaintiff there was also a statement of the coroner in answer to a question. The question was, "Did deceased commit suicide?" and the an-

swer was, "From evidence submitted, wound in neck made with razor by himself with suicidal intent before being admitted to Anna State Hospital." When Ferrero cut his throat his act might be at the time recognized as an attempt to commit suicide because death was not immediate, but his death was by suicide, the proof that he died by his own hand was conclusive, and there was no evidence tending to prove the contrary.

The defendant had the burden of establishing the fact of suicide notwithstanding the statement in the proofs of death. (*Knights of Maccabees* v. *Stensland,* 206 Ill. 124; *Knights Templars and Masons Life Indemnity Co.* v. *Crayton,* 209 id. 550.) The statement in the proofs of death above quoted was admissible in evidence but not conclusive on either party. (*Modern Woodmen* v. *Davis,* 184 Ill. 236; *Kiesewetter* v. *Knights of Maccabees,* 227 id. 48.) The plaintiff did not offer any evidence inconsistent with the statement made, and there was no conflict in the evidence which established the fact of suicide.

After Ferrero committed the act of cutting his throat on April 8, 1921, the mother of plaintiff paid to Emma C. Rauft, financier of the local council at Tilden, on April 23, 1921, $1.35 dues for the month of April, and that payment is relied upon as a waiver of the forfeiture. In *Love* v. *Modern Woodmen,* 259 Ill. 102, it was decided that the law of agency applies to fraternal benefit associations; that a local lodge acting within its authority to receive dues and pay them over to the principal lodge necessarily treats the insurance as in force, and if the agent has knowledge of a fact which would work a forfeiture, the knowledge of the agent is the knowledge of the principal. In *Dromgold* v. *Royal Neighbors,* 261 Ill. 60, the question was as to waiver of a by-law requiring payment of an assessment during the month when due, and the court said that if a subordinate lodge, with full knowledge of a fact which would render a certificate void, continues to receive dues from a

member, the right to forfeit the certificate on account of that fact is waived. In all cases, however, knowledge of the fact constituting a forfeiture is essential and there is no waiver without such knowledge. A waiver is the intentional relinquishment of a known right, and there must be both knowledge of the existence of the right and the intention to relinquish it. (*Perin* v. *Parker,* 126 Ill. 201.) In *Nyman* v. *Manufacturers and Merchants Life Ass'n,* 262 Ill. 300, a waiver was set up, and the court held that knowledge is always a necessary element to constitute a waiver, and that receiving assessments with the knowledge that the insured was ill at the time could have no significance if the agent was ignorant of the fact that the insured was in bad health when the certificate was delivered and the first assessment paid. To constitute a waiver it is essential that there is an existing right, benefit or advantage, knowledge, actual or constructive, of its existence, and an intention to relinquish it, and the burden of proof is upon the party claiming a waiver to prove that the one charged to have waived the right knew of the fact that entitled him to the right and the facts upon which he relies for such waiver. (27 R. C. L. 910.) When the payment was made to Emma C. Rauft on April 23, 1921, the act of Ferrero which resulted in his death had been committed, but there was no evidence tending to prove that she had any knowledge of the fact, or that, knowing of the cause of forfeiture, she gave the receipt and received payment in recognition of the continued validity of the certificate. Under the evidence and every legitimate inference to be drawn therefrom the plaintiff was entitled to only the amount paid in as dues, and as no other conclusion could be reached under the law, the court erred in not instructing the jury to find for the plaintiff $31.10.

The judgments of the Appellate Court and city court are reversed and the cause is remanded to the city court.

*Reversed and remanded.*