(No. 26208.—

THE PEOPLE *ex rel.* Oscar Nelson, Auditor of Public Accounts, *vs.* THE DEPOSITORS STATE BANK.—(CHARLES H. ALBERS, Receiver, Appellee, *vs.* JAMES A. CALEK, Appellant.)

*Opinion filed Sept. 17, 1941—Rehearing denied November 18, 1941.*

HARRY G. FINS, for appellant.

WOODS, SMITH & BLUMENFELD, (WALTER B. SMITH, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant seeks review of an order of the circuit court of Cook county denying his motion to intervene and to vacate an order entered October 14, 1940, in the matter of the receivership of the Depositors State Bank. The latter order directed the sale of certain securities, hereinafter referred to, which had been deposited with the Depositors State Bank before its failure, as a guaranty for the deposits of the Southwest State Bank which the Depositors State Bank had undertaken to liquidate.

The facts, as shown by appellant's verified petition to intervene, and which are not denied, are that on March 28, 1931, the Southwest State Bank (hereinafter referred to as the Southwest bank) and certain of its officers and directors entered into a contract with the Depositors State Bank (hereinafter referred to as the Depositors bank) by which the latter agreed to liquidate the former bank. The officers and certain stockholders of the Southwest bank,

appellant being one of them, by certain provisions of the contract between the banks, which they signed and to which they became parties as "third party," guaranteed that the assets of the Southwest bank were sufficient to pay its deposit liability, and as security for that guaranty deposited with the Depositors bank various amounts of securities. The Depositors bank took over all the assets of the Southwest bank and proceeded to liquidate it. Some nine months after this contract was executed the Depositors bank became insolvent and the Auditor of Public Accounts took steps to secure the appointment of a receiver. Appellee became receiver and, since 1932, has been engaged in liquidating the assets of both banks.

On October 14, 1940, appellee, as receiver, filed the petition herein referred to, praying for an order to sell the personal property in the form of securities, which plaintiff and others had deposited as guarantors with the Depositors bank. Appellant was not made party to the proceeding and was given no notice of the filing or presentation of the petition. The circuit court, on the day the petition was filed, entered an order without hearing evidence, directing the sale of appellant's securities. On March 8, 1941, appellant received a notice from the receiver that this order had been entered and that he would sell these securities. Plaintiff thereupon secured the services of an attorney and filed his petition first herein referred to.

His petition sets out the provisions of the agreement and declares there was no deficiency requiring the sale of appellant's securities to meet the liabilities of the Southwest bank; that the action of the receiver and the court, in ordering his securities sold, was without due process of law, as he had no notice or knowledge of such petition or order and was not made a party to the proceeding. He also alleges that the receiver's petition for authority to sell the securities does not show that the assets of the Southwest bank will not be sufficient to meet its liabilities. He

also alleges that a consideration for the guaranty contract made by appellant was the mutual agreement of several other persons who then agreed to put up certain securities for a like purpose with appellant, but that one of those so named in the contract and signing it has not, at any time, delivered any collateral as surety for his guaranty, and neither the Depositors bank nor the receiver has required of him that he do so.

The contract for liquidation of the Southwest bank by the Depositors bank, signed by appellant and others as guarantors, after referring to the condition of the Southwest bank, provides for the transfer of all the assets of the Southwest bank to the Depositors bank, totalling $2,385,103.63. Its liabilities amounted to $2,024,659.08. The contract also provides that on "the mutual promises, undertakings and responsibility of one to the other," the guarantors guaranteed "the collection of said assets of the party of the first part in an amount equal to the deposit liabilities of said first party;" and agreed they would meet any deficiency up to $150,000. Each was to put up the amount of collateral opposite his name in the contract: Appellant, $40,000, George F. Laughlin, $5000, Edward Klinenberg, $15,000, Joseph Dubsky, $10,000, and Joseph E. Hitt, $20,000.

The contract provided that the Southwest bank should be liquidated in two years and upon failure to liquidate in that time in an amount sufficient to cover the deposit liabilities, the collateral deposited, after five-days' notice to such guarantors by registered mail, might be sold upon such terms, conditions and prices as the Depositors bank saw fit. The tenth paragraph of the contract also provided that if complete liquidation of all of the Southwest bank's assets so transferred was not made within two years, the Southwest bank and the guarantors would become joint and several debtors to the Depositors bank and the latter would "have the right, at its option, at any time thereafter, to

take such steps against them and the stockholders of the said party of the first part [Southwest bank] as it may deem fit and as the law affords against stockholders." It is clear that under this contract appellant's liability was that of guarantor.

Receiver's petition to sell appellant's securities recites that since the closing of the Depositors bank the receiver has partially liquidated the Southwest bank; that at the time of filing the petition he had on hand assets of the Southwest bank of a total face value of $320,858.74 and that the unpaid liabilities of said bank amounted to $77,480.68. The petition further states: "This receiver is of the opinion that the assets transferred by the Southwest State Bank to the Depositors State Bank pursuant to the said take-over agreement of March 28, 1931, will be insufficient to liquidate the remaining liability due from the Southwest State Bank to the Depositors State Bank and will leave a deficiency of upwards of $50,000." It will be observed there is no statement of the value of the assets on hand other than their face value. There is no statement other than the receiver's opinion to indicate that the assets of the Southwest bank of over $320,000, remaining in his hands, could not be sold for an amount sufficient to realize the unpaid liabilities of the Southwest bank.

The petition contains no statement of facts as to the value of the remaining assets of the Southwest bank which, if proved, would show such assets to be insufficient. Appellee says here that this is unnecessary because of the consent of appellant that the securities might be sold if the Southwest bank was not liquidated in two years, and so appellant was not entitled to notice of the petition of October 14, 1940, or to be made a party thereto, and has no standing here. On the other hand, appellant argues that he was deprived of his property without due process of law and without opportunity to be heard; that the allegations in his verified motion are, under the Civil Prac-

tice act, admitted by the receiver by his failure to answer them. He contends that under his contract he is to pay only in case the assets of the Southwest bank are insufficient. He says it is evident that he had no control over the acts of the Depositors bank or those of the receiver, in liquidating the Southwest bank, and the fact that that bank's assets were not fully liquidated in the two-year period specified was not due to his fault and he should not be penalized by the delay. He also argues here that the contract of guaranty failed, and appellant as co-guarantor was released by the failure of one co-guarantor to put up securities and by the release of the securities of another co-guarantor by the receiver.

The pivotal question for consideration, here, is whether the order of the court directing the sale of appellant's securities without notice to him, met the requirements of due process of law. The contract, as we have seen, provided for the sale of appellant's collateral under circumstances named but also provided that, under the same circumstances, namely failure to liquidate the assets of the Southwest bank within a period of two years, that bank and the guarantors were to become debtors of the Depositors bank, which was to have the right "to take such steps against them and the stockholders of said party of the first part, [Southwest bank] as it may deem fit and as the law affords against stockholders."

It is to be borne in mind that the Southwest bank went into liquidation March 28, 1931, and that nine months thereafter the Depositors bank went into the hands of the receiver and has so remained since. Why such an excessive length of time should be required to dispose of the assets is not explained in this record. It is evident, however, that it was not through the fault of the guarantors that the Depositors bank did not liquidate the assets of the Southwest bank during the two-year period prescribed. During one year and three months of that period the De-

positors bank was in the hands of a receiver.  No action could be taken by anyone toward the liquidation of those assets but the receiver.  Certainly it was not the fault of the appellant and his co-guarantors that these assets were not liquidated within two years.  It was only upon condition that they were not liquidated in two years that these guarantors became debtors of the Depositors bank or that these securities might be sold.  As debtors they were subject to suit as "against stockholders," which, of course, presupposes summons and an opportunity to appear and defend.

It must also be borne in mind that the relationship of appellant to this transaction is that of guarantor.  He did not, by his contract, agree that the assets of the Southwest bank were insufficient.  That was a fact to be determined before appellant became liable under his contract of guaranty.  No action "as against stockholders" was instituted by the receiver.  Aside from the insufficiency of assets, as yet undetermined, no basis exists for selling appellant's securities except the expiration of the two-year period during which the Depositors bank agreed to liquidate the assets of the Southwest bank.  That was the Depositors bank's part of the contract, which it, through no fault of appellant, failed to perform.  No one would claim that the Depositors bank, were it a going concern, could demand sale of appellant's securities when it had so signally failed to keep its part of the contract—especially would this be so where, as here, a large amount of assets to be liquidated still remained in its hands.  To hold otherwise would be a most flagrant injustice.  It is a matter so well settled as to require no citation of authority to support it, that the receiver can claim no greater right than the bank had.  In fact, the Depositors bank had consumed but nine months of the two-year period when it failed and the receiver took over, and after nearly nine years, as shown by his petition of October 14, 1940, he has not fully liquidated the South-

west bank, but has over $320,000, face value, in assets in his hands. Surely no such a situation was contemplated by the parties to this contract as the basis for depriving appellant of his property without notice and an opportunity to be heard.

It will also be noted that the receiver's petition does not state that the assets are not sufficient to pay liabilities but that he is of the opinion that there may be a deficiency when all the assets he still has in his hands are disposed of. Certainly there is not, in the agreement of guaranty, that which consents to the sale of appellant's securities under the conditions shown by the record here, without finding that the assets of the Southwest bank are insufficient to pay claims. To say that notwithstanding the duty resting upon the Depositors bank, to which the receiver succeeded, to liquidate the assets of the Southwest bank in two years, still the securities put up by the guarantors can be sold before such liquidation, or a determination of the sufficiency of the assets, though a period of nearly nine years has elapsed, is to put a premium on such delay, and to violate the plainest principles of justice and equity.

The issue in this case was and still is whether the assets of the Southwest bank are sufficient to pay the claims against it. Appellant had and has a right to have that issue determined before he, as guarantor, can be held liable. No such facts have been determined, yet his property is ordered sold without his day in court.

Essential elements of due process of law are notice and an opportunity to be heard and to defend, in an orderly proceeding adapted to the nature of the case. A guarantee of due process requires that every man have the protection of a day in court and the benefit of the general law. (*Durkin* v. *Hey*, 376 Ill. 292; *People* v. *Niesman*, 356 id. 322; *Truax* v. *Corrigan*, 257 U. S. 312, 66 L. ed. 254; *Lent* v. *Tillson*, 140 id. 316, 35 L. ed. 419.) A receiver of an insolvent bank is but an assignee of the bank's assets

610

and holds title to the bank's property coming into his hands only by the same right of title as the bank had at the time of the appointment of the receiver. Appellant's collateral at the time of the appointment of appellee as receiver was held by the Depositors bank subject to the terms and conditions of the contract.

We are of the opinion that, so far as now appears from this record, it would be a gross injustice to deprive appellant of these securities without an opportunity to be heard on the question whether, after all this delay and at this late day, for which appellant cannot be held responsible, there would be a deficit after disposition of the assets of the Southwest bank, or whether the assets of over $320,000 still in the hands of the receiver can be disposed of for a sum sufficient to meet the claims against the Southwest bank. To order this sale without requiring that appellant be made a party and given notice of the proceedings with opportunity to be heard, under the facts of this case, constitutes, in our opinion, a flagrant violation of due process.

The judgment of the circuit court is reversed and the cause remanded, with directions to sustain appellant's motion to vacate the order of October 14, 1940, and to grant him leave to intervene.

*Reversed and remanded, with directions.*