# KEEHN v. EXCESS INS. CO. OF AMERICA.

## No. 7880.

Circuit Court of Appeals, Seventh Circuit.

June 17, 1942.

Charles F. Hough, William H. Beckman and George H. Braasch, all of Chicago, Ill. (Ferre C. Watkins, of Chicago, Ill., of counsel), for appellant.

L. Duncan Lloyd, C. H. G. Heinfelden, and Leonard F. Martin, all of Chicago, Ill., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment in favor of the defendant, entered June 4, 1941, in a suit filed by plaintiff's predecessor against the defendant February 26, 1935. The action was predicated upon a reinsurance contract issued by the defendant to the Central Mutual Insurance Company, January 10, 1935, whereby the defendant insured Central Mutual on third party automobile public liability risks above certain amounts assumed by the latter company. It was sought to recover the excess amount paid by Central Mutual by virtue of its policy issued to Hartliep Transit Company on account of recovery by Barton Snow and his wife for injuries sustained in an accident within the terms of the policy issued by Central Mutual.

The suit by Snow and his wife against Hartliep Transit Company was instituted February 26, 1935, for injuries sustained in an automobile collision which occurred February 12, 1935. This suit was defended by Central Mutual and resulted in a verdict and judgment in favor of the plaintiff. Central Mutual refused to pay the judgment and on October 28, 1935, garnishment proceedings were instituted against it which resulted in a judgment from which an appeal was taken on April 7, 1936, to the Appellate Court of Illinois, Second District. The judgment was affirmed November 30, 1936, and leave to appeal to the Supreme Court of Illinois denied April 6, 1937. Hartliep Transit Co. v. Central Mut. Ins. Co., 288 Ill.App. 140, 5 N.E.2d 879. The judgment was paid by the surety company on the appeal bond furnished by Central Mutual out of funds deposited with it as security for the appeal bond.

The reinsurance contract, upon which plaintiff's cause of action was predicated, contained the following provision:

"Section IX. The Company shall notify the Reinsurer immediately after it has had notice of any accident in which this reinsurance is or may probably be involved. Such notice shall be given to the Reinsurer on Preliminary Loss Advice on forms as per copy attached, and when final settlement is made the Reinsurer shall advise on Final Loss Advice on forms as per copy attached.

"The Reinsurer shall have the right and opportunity to associate with the Company in the defense and control of any claim or suit or proceeding relative to an accident where the claim or suit involves this reinsurance."

The court below held that the failure to give notice to the defendant of the Snow accident, in compliance with this provision of the contract, was such as to bar recovery by the plaintiff. In doing so, it held contrary to plaintiff's contention that the provision was not controlling for the reason that the contract failed to designate this provision as a condition precedent, nor did it contain a declaration of forfeiture for non-compliance.

The actual time as to when defendant received notice of the Snow accident is a matter of controversy here as it was in the court below. Plaintiff contends that the defendant had notice on numerous dates, particularly in the latter part of June or the first part of July, 1935, September 2, 1935, and February 25, 1936. The court below specifically found that defendant received no notice on the various dates claimed by the plaintiff, that notice was first received by the defendant on or about October 5, 1936, and that on October 14, 1936, it wrote Central Mutual that by reason of its delay in giving notice, the defendant declined all liability in the matter. Plaintiff contends that there is no substantial evidence to support the court's finding as to the time of notice. We have read the testimony upon which the plaintiff relies and we do not agree with this contention. We are convinced that the court's findings are amply supported—in fact, there is no competent substantial evidence which would support a finding that notice was given at a date earlier than that found by the court.

So we have a situation where the accident, out of which the liability arose, occurred February 12, 1935, judgment in a suit against Hartliep Transit Company entered October 25, 1935, garnishment proceedings instituted against Central Mutual October 28, 1935, judgment against the latter March 6, 1936, and an appeal to the Appellate Court on April 7, 1936, all prior to the date (October 5, 1936) when defendant received notice from Central Mutual.

Plaintiff cites and discusses authorities from a number of jurisdictions, as well as numerous text books, in support of his contention as to the majority rule in construing a provision in insurance contracts as to notice and proof of loss. In our view, a review of such authorities

would serve no good purpose—in fact, it would be wasted energy. What may be the rule in some other jurisdiction, or what rule is supported by the weight of authority, is of little consequence since Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487. We must look for guidance to the Illinois decisions and those only.

Unfortunately for plaintiff, the effect to be given the provision of the contract in dispute has been decided favorably to defendant's contention in Niagara Fire Insurance Co. v. Scammon, 100 Ill. 644, and Scammon v. Germania Insurance Co., 101 Ill. 621. We see no occasion to analyze or discuss these cases for the reason that plaintiff, in his brief, frankly concedes they support the position of the defendant. Nor is it claimed that the rule of those cases has been subsequently overruled or modified by the Supreme Court. It is sought to dissipate their effect by reference to what is claimed to be the majority rule and by general statements appearing in certain decisions of the Appellate Courts of Illinois, apparently not in harmony with what the Supreme Court held in the Scammon cases. As already stated, however, we can not accept any so-called majority rule contrary to that announced by the Illinois Supreme Court, and likewise, we would not be justified in repudiating a holding of that court because of certain language appearing in decisions of Appellate Courts apparently to the contrary. We shall, therefore, not discuss the Appellate Court decisions relied upon by the plaintiff.

The court also found that the failure to give notice deprived defendant of the right and opportunity to associate with Central Mutual in defense and control of the Snow suit, and that the rights of defendant were prejudiced thereby. Plaintiff argues there is no justification for this finding, as there was no proof that the results would have been different if the defendant had been permitted so to do. In view of the decisions in the Scammon cases, the finding of the court in this respect was perhaps immaterial, but even if so, we think it was justified. The right was provided by the terms of the contract and we are of the view that the deprivation of such right would constitute prejudice without any actual proof that the results of the litigation would have been different.

Plaintiff also relies upon a contention that the defendant, by its conduct, waived the giving of notice in compliance with the contract requirement. The court below expressly found that the facts relied upon by the plaintiff did not constitute waiver. We are convinced there was no error in this respect. In support of its position in this regard, plaintiff sought to prove that notice given to the defendant was oftentimes informal and did not conform to the provisions of the reinsurance contract. Five such instances are cited in plaintiff's brief, which we assume are the strongest in support of its position. Three of such instances, however, are covered by a non-waiver agreement which was executed by Central Mutual and the defendant dated August 7, 1935. It is evident from the record the defendant, at this time, had become aware that Central Mutual was not giving prompt notice of claims, and on that date defendant's representative visited the office of Central Mutual for the purpose of investigating its records. These three cases were discovered and listed in the so-called non-waiver agreement. In other words, as we understand, the defendant agreed to consider the matter of liability on these claims without prejudice to its rights under the insurance contract. It is difficult to perceive how this situation furnishes any support to plaintiff's claim of waiver.

In one instance relied upon, the accident happened July 7, 1935, and defendant was given notice September 3, 1935, but prior to trial. In the other instance, the accident happened May 21, 1935, and was reported October 5, 1935. We do not think these isolated instances selected from a large number of claims covered by the contract can be regarded as sufficient to sustain the contention that defendant waived the terms of the contract concerning notice. Especially is this true in view of the fact that defendant had complained to Central Mutual concerning its delay in reporting accidents.

Plaintiff also stresses a telegram from the defendant to Central Mutual, found in the files of the latter, dated February 25, 1936, in the following language: "Sorry but our records do not confirm Snow-Hartliep ever reported; please give us complete information." It is plaintiff's theory that inasmuch as the telegram failed to deny liability, it constituted a waiver of notice. The exact occasion

506

for this telegram is somewhat a matter of conjecture. It is evident from the record that Central Mutual made no reply thereto. Defendant's explanation of this telegram is to the effect that its representative, in the latter part of February, 1936, was called on the telephone by an official of Central Mutual and told there was a case coming up the following day and that the defendant should have someone there because it was a serious case. Defendant's representative inquired as to the title of the case. This information was conveyed to the defendant, which, it is pointed out, was probably the occasion for the telegram. It is of interest and perhaps of importance to note that a hearing in the garnishment proceedings against Central Mutual was to be heard on February 28, 1936. The only significance which can be reasonably attached to this telegram, in our opinion, is that the defendant had had no notice of the Snow accident and was requesting information. It has been held that an insurer must have knowledge of all the material facts before its conduct can constitute a waiver. Ferrero v. National Council of Knights & Ladies of Security, 309 Ill. 476, 481, 141 N.E. 130. From the telegram it is apparent that the defendant had no knowledge of the facts of the case. Without knowledge of the date of the accident, its nature, the amount of the claim involved, or the history of the litigation which had been had, it certainly did not waive any of the contract provisions by the information thus sought.

Plaintiff also advances a theory that because the suit was instituted by him as Receiver, he has greater legal rights than the corporation would have had if the suit had been instituted by it. In other words, it is contended that some sort of an estoppel should be invoked in the instant situation, which admittedly could not have been done against the corporation. We do not believe this position is tenable. The Receiver was appointed January 11, 1937. Long prior thereto, as pointed out heretofore, the claim against the defendant was barred for failure to give notice of loss in accordance with the terms of the insurance contract. We know of no rule of law which will permit the maintenance of a suit by a Receiver which was barred at the time of the Receiver's appointment. Under such circumstances, so we think, a Receiver acquires no greater right that that had by the Corporation at the time of his appointment. People v. Depositors State Bank, 377 Ill.

602, 37 N.E.2d 326. Furthermore, this contention appears to have been an afterthought on the part of the plaintiff. In the amended complaint, plaintiff alleged performance of all conditions of the contract. In its answer defendant alleged, among other things, that Central Mutual failed to give notice as required by the reinsurance contract and that plaintiff's claim was thereby barred. The point now under discussion was not raised in the lower court, nor was it asserted in the alleged errors, designated in the court below, to be relied on upon appeal.

We therefore conclude that the record contains no reversible error and the judgment of the District Court is affirmed.