## HOME INDEMNITY CO. OF NEW YORK v. ALLEN et al.

### No. 10346.

United States Court of Appeals
Seventh Circuit.

July 5, 1951.

Matthew J. O'Brien, James R. Hanrahan, Richard E. Keogh and George M. O'Brien, all of Chicago, Ill., for appellant.

John M. Moelmann, Oswell G. Treadway, Alfred W. Israelstam, John E. Foster, all of Chicago, Ill., for appellee.

Before KERNER, LINDLEY, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

In this action plaintiff filed its petition under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaratory judgment to the effect that it was not liable to defendants on its Owners', Land-

lords' and Tenants' Public Liability policy of insurance No. OLT-24-175537 for a claim later involved in litigation between Esther Allen and Henry Frank and Frank Silverstein, on the ground that the assured had failed to report the occurrence of the Esther Allen accident as soon as practicable.

Henry Frank and Frank Silverstein will herein be referred to as defendants. The policy was issued to protect assured's tenants in the furnished apartments at 6501-9 Cottage Grove Avenue, Chicago, Illinois, on account of bodily injury sustained by any of the tenants. Among other clauses, the policy provided: "Upon the occurrence of an accident written notice shall be given by or on behalf of the Assured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Assured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

At the conclusion of all the evidence, plaintiff moved for a directed verdict in its favor on the ground that defendants knew that a woman had been found injured on the premises under such circumstances as would require an ordinarily reasonable and prudent man to report that fact to the company; that they did not report it as soon as practicable, and that thereby it was prejudiced by the delay which had not been excused. The motion was denied, and the cause was submitted to the jury. The jury returned three special verdicts in the form of answers to interrogatories to the effect that the assured had not notified plaintiff of the accident as soon as practicable and that plaintiff had been prejudiced by the delay, but that plaintiff had, by its conduct, waived its policy defense. After verdict, plaintiff requested the trial court to enter judgment in its favor notwithstanding the verdict. The motion was based upon the specific claim that the record was devoid of any evidence of waiver by conduct. This motion was also denied, and the court entered a declaratory judgment that plaintiff is to defend defendants

in a certain suit filed by Esther Allen in the Superior Court of Cook County, Illinois, against Henry Frank and Frank Silverstein for personal injuries arising out of the accident described in plaintiff's petition. To reverse this judgment, plaintiff appeals.

The only issue on this appeal is whether the trial court should have sustained plaintiff's motion for a judgment in its favor notwithstanding the verdict of the jury.

Waiver is the intentional relinquishment of a known right or such conduct as warrants an inference of such relinquishment, and the burden of proving the waiver is upon the one claiming it. Ferrero v. National Council of Knights and Ladies of Security, 309 Ill. 476, 141 N.E. 130. In other words, before there can be a waiver of a right there must be full knowledge of the facts by the person against whom the waiver is sought and some act clearly indicating the intention to relinquish the right, Muller v. Equitable Life Assurance Society, 293 Ill.App. 555, 562, 13 N.E.2d 96. And when waiver is asserted against an insurance company to avoid the strict enforcement of conditions contained in its policy, it will be invoked only where the conduct of the company has been such as to induce action in reliance upon it, or where it would operate as a fraud upon the assured if the company were afterwards allowed to disavow its conduct and enforce the conditions. Globe Mutual Life Ins. Co. v. Wolff, 95 U.S. 326, 24 L.Ed. 387, and Phenix Ins. Co. v. Grove, 215 Ill. 299, 74 N.E. 141, 25 L.R.A.,N.S., 1. An insurer must have knowledge of all material facts before its conduct can constitute a waiver, and this court has held that without knowledge of the date of the accident, and its nature, it could not be said that an insurer waives any provision of the policy by seeking information relative to the date of the accident and its nature. Keehn v. Excess Ins. Co., 7 Cir., 129 F.2d 503.

In arguing for an affirmance, defendants say that waiver is a question of fact for the jury to determine, and since the jury found that plaintiff by its conduct waived its policy defense, the court cor-

rectly denied plaintiff's motion *non obstante veredicto*. True it is that facts claimed to establish waiver must be ascertained by the jury, but whether or not they amount to a waiver is a matter of law, to be determined by the court. Dwelling House Ins. Co. v. Dowdall, 159 Ill. 179, 42 N.E. 606, and Hilliard v. Woodmen of the World, 330 Ill.App. 577, 585, 71 N.E. 2d 903.

The record discloses that plaintiff's petition for the declaratory judgment was filed on November 24, 1948, which was months before the suit for injuries was filed by Mrs. Allen, and, as already observed, the jury returned special verdicts in which it found that defendants had not notified plaintiff of the accident as soon as practicable and that plaintiff had been prejudiced by the delay. There is no controversy about the fact that defendants knew that Esther Allen had been injured on September 15, 1947, while a tenant in defendants' premises, when she fell while going up the stairs from the second to the third floor where defendants' resident manager found her on the landing immediately after the accident, but it was not until April 2, 1948, that plaintiff received notice of the accident, and this was only because plaintiff had been served with an attorney's lien. Thereupon, on April 4, plaintiff's claim adjuster discussed the matter with Mrs. Allen's attorney, and on April 27 he visited the premises and obtained a statement from the resident manager. On April 30 the claim adjuster took written statements from defendants and for the first time learned that defendants admitted they had knowledge of the accident the next day after it happened, and also learned that the carpeting, the condition of which is claimed to be the cause of Mrs. Allen's injury, had been removed and disposed of at the defendants' direction before plaintiff had been notified of the accident. He tendered a non-waiver

agreement to defendants which they, upon the advice of counsel, refused to sign. On May 4, plaintiff served upon defendants a reservation of rights notice which stated that plaintiff desired to investigate the accident without waiving any of its rights under the terms of the policy. Thereafter, on June 3, Mrs. Allen was examined by plaintiff's physician, and plaintiff obtained photostatic copies of the hospital records pertaining to her injuries, and upon a number of occasions, up to and including April 17, 1950, it took statements from various witnesses.

Certain it is, that here there was no intentional relinquishment, and there is no evidence that defendants were misled or that they relied upon conduct of plaintiff to their disadvantage. It is just as certain that plaintiff never advised or represented or appeared for defendants under the policy, or attempted to act in behalf of defendants in investigating the facts connected with Mrs. Allen's injuries, and that plaintiff's conduct had not been such as to induce defendants to believe that plaintiff had waived or had intended to waive the provisions of the policy. Under the evidence and every legitimate and reasonable inference to be drawn therefrom, there was no more than an endeavor on plaintiff's part to ascertain the date and the facts surrounding the accident. The facts did not establish a waiver by conduct. In this state of the record the trial court should have sustained plaintiff's motion and entered a judgment for plaintiff notwithstanding the verdict of the jury. In reaching this conclusion we have not overlooked other cases cited by defendants and not reviewed by us. We have examined and considered them. They are inapplicable or distinguishable on the facts.

The judgment is reversed and the cause is remanded to the District Court for proceedings not inconsistent with this opinion.