14-1494-cv
*Granite State Ins. Co. v. Clearwater Ins. Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand fifteen.

PRESENT: PIERRE N. LEVAL,
        ROBERT D. SACK
        CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*
--------------------------------------------------------------------

GRANITE STATE INSURANCE COMPANY,

        *Plaintiff-Appellant,*

        v.                          No. 14-1494-cv

CLEARWATER INSURANCE COMPANY, FKA Skandia America Reinsurance Corporation, FKA Odyssey Reinsurance Corporation,

        *Defendant-Appellee.*
--------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | EDWARD P. KRUGMAN, (Stuart Cotton, Mound Cotton Wollan & Greengrass, New York, NY; William Goldsmith, AIG Property Casualty, New York, NY, *on the brief*), Cahill Gordon & Reindel LLP, New York, NY. |
| FOR APPELLEE: | DAVID C. FREDERICK, (Derek T. Ho, Jeremy S. Newman, Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.; James I. Rubin, Julie Rodriguez Aldort, Catherine E. Isely, Butler Rubin Saltarelli & Boyd LLP, Chicago, IL, *on the brief*), Kellogg, |

1

Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Washington, DC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Eaton, *J.*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Granite State Insurance Company appeals the district court's grant of summary judgment to defendant-appellee Clearwater Insurance Company. We assume the parties' familiarity with the underlying facts, to which we refer only as necessary to explain our decision.

Granite State brought this diversity action seeking damages for failure to pay claims under reinsurance certificates issued by Clearwater. Granite State's claims against Clearwater relate to underlying liabilities that Granite State incurred as the insurer of a company that entered into two settlement agreements to resolve a large number of asbestos-related personal injury claims. Clearwater refused to pay Granite State's claims, alleging that Granite State violated provisions of the reinsurance certificates that required, *inter alia*, prompt notice "of any event or development which [Granite State] reasonably believe[d] might result in a claim against [Clearwater]." J.A. 505, 507. The district court found that Granite State's notice to Clearwater under the reinsurance certificates at issue was untimely. We agree.[2]

The remaining disputed question is whether, in the absence of a choice of law provision in the reinsurance certificates, a New York court would apply the substantive law of New York or of Illinois in determining the effect of Granite State's failure to give timely notice. The relevant New York law is that lateness of notice without a showing of prejudice is not sufficient to defeat an insurer's claim against a reinsurer. *Unigard Sec. Ins. Co. v. N. River Ins. Co.*, 594 N.E.2d 571, 575 (N.Y. 1992). The most relevant authorities in Illinois law are a decision of the Seventh Circuit from 1942 and two recent trial court decisions, one from a federal district court in Illinois and one from an Illinois state court, both agreeing with the earlier Seventh Circuit decision that the lateness of the insurer's notice to the reinsurer defeats the insurer's claim, regardless of whether the reinsurer was prejudiced by the lateness. *Keehn v. Excess Ins. Co. of Am.,* 129 F.2d 503, 504-06 (7th Cir. 1942); *Allstate Ins. Co. v. Emp'rs Reins. Corp.,* 441 F. Supp. 2d 865, 875 (N.D. Ill. 2005); *Cas. Ins. Co. v. Constitution Reins. Co.*, No. 91 L 14732 (Ill. Cir. Ct. Cook Cnty. Jan. 22, 1996); *see also* 22A John Bourdeau et al., *Illinois Law and Practice Insurance* § 570 (2015) ("The failure of the reinsured to give the reinsurer notice of a loss in

---

[1] Judge Richard K. Eaton of the United States Court of International Trade, sitting by designation.

[2] Moreover, Granite State has waived any objection to the district court's finding that notice was untimely by failing to adequately argue this issue in its opening brief. *See Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009) ("Merely mentioning the relevant issue in an opening brief is not enough; [i]ssues not sufficiently argued are in general deemed waived and will not be considered on appeal." (alteration in original) (internal quotation marks and citation omitted)); *McCarthy v. S.E.C.*, 406 F.3d 179, 186 (2d Cir. 2005) ("[A]rguments not raised in an appellant's opening brief, but only in [its] reply brief, are not properly before an appellate court . . . .").

accordance with the terms of the reinsurance contract constitutes a bar to recovery by the reinsured against the reinsurer, notwithstanding that such contract does not designate the provision requiring notice as a condition precedent nor contain a declaration of forfeiture for noncompliance . . . .").

The question for us is whether the New York court would find the law of Illinois to be unsettled on the question (given the absence of a decision of Illinois's highest court) and therefore apply the law of New York, or would find on the basis of the decisions recited above that the law of Illinois is settled in a manner that conflicts with New York's law and apply Illinois law because – as the parties agree – the most significant contacts favor application of Illinois law.

In resolving the disagreement, we are not writing on a blank page, as another panel of this Court recently addressed this precise issue in an appeal brought by affiliates of the parties here. *AIU Ins. Co. v. TIG Ins. Co.*, 577 F. App'x 24 (2d Cir. 2014) (summary order).[3] The panel found that a New York court would conclude that Illinois law is settled in "not requir[ing] a reinsurer to prove prejudice when it refuses to pay a claim for reinsurance coverage based on having received late notice of that claim." *Id.* at 27 (citing *Keehn*, 129 F.2d at 504-06; *Allstate Ins. Co.*, 441 F. Supp. 2d at 875; *Cas. Ins. Co.*, No. 91 L 14732).

We follow the panel's finding that "a New York state court would . . . adhere to the consensus drawn from these federal and state court decisions" which interpret Illinois reinsurance law as containing a no prejudice rule. *Id.*; *cf. Oltarsh v. Aetna Ins. Co.*, 204 N.E.2d 622, 625 (N.Y. 1965) (relying on decisions of the federal Court of Appeals and the district court of Puerto Rico in interpreting a Puerto Rican statute). Because Illinois's no prejudice rule is in actual conflict with New York's prejudice requirement, and it is not disputed that the significant contacts analysis favors application of Illinois law, we conclude that Illinois's no prejudice rule applies. Clearwater was thus not required to demonstrate that it was prejudiced by Granite State's late notice in order to refuse to pay Granite State's claims for reinsurance coverage.

We have considered Granite State's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] *See Jackler* v. *Byrne,* 658 F.3d 225, 244 (2d Cir. 2011) ("Denying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases." (internal quotation marks omitted)).

3