THE STATE OF OHIO, APPELLEE, *v.* HICKMAN, APPELLANT.

(No. 703—Decided October 15, 1956.)

*Mr. William E. Didelius,* prosecuting attorney, and *Mr. Richard D. Holzapfel,* for appellee.

*Mr. Edward W. Rhode, Jr.,* for appellant.

Conn, J. The defendant was charged in Municipal Court with operating a motor vehicle while under the influence of intoxicating liquor contrary to and in violation of Section 4511.19, Revised Code.

Upon motion of defendant, a jury was empaneled and sworn. The jury returned a verdict of guilty as charged. The defendant was sentenced to six months in the county jail, fined $500 and costs, and his license was revoked for three years.

Following the overruling of a motion for new trial, defendant appealed to this court on questions of law.

It appears from the evidence offered by the state that at about 3:15 a. m. on the morning of May 20, 1956, an automobile had been backed into a ditch on the northerly side of route 6 at or near the intersection of Perkins Avenue with said route, several miles east of the city of Sandusky, the front of the vehicle extending into the northerly lane of the highway.

When the officers arrived, the defendant was sitting in the auto behind the wheel, and defendant's wife, sister-in-law and two children were also in the automobile. Defendant stated to the arresting officers that he was coming from a Sandusky drive-in theater and had attempted to make a turn at Perkins Avenue up a steep grade and his car rolled back across the highway, and that his wheels had gone into the ditch on the north side of the highway and the vehicle could not be moved. The officers also testified that defendant was under the influence of intoxicating liquor.

Mrs. Hickman testified on behalf of defendant and stated that her husband met some friends at the theater and that they had some drinks; that upon his return he got into the back seat and went to sleep; that she did not waken him because he had been drinking and she did not want him to drive the car; and that she drove the automobile down to Perkins Avenue and started upgrade across the track, saw a train coming, stopped and backed the car across the highway to the ditch and was unable to get it out.

This witness also testified that when the officers asked defendant who was driving the car he stated that he was; that she had told the officers the same thing because she had no driver's license.

Defendant's sister-in-law was called as a witness for defendant, and she testified that defendant had been drinking and that his wife drove the car, and at Perkins Avenue she backed into the ditch, and that defendant told the officers that he was driving.

The defendant testified in his own behalf. He admitted that he met some friends at the theater and had "a couple good drinks of whiskey and a couple cans of beer." Defendant also testified that when he returned to the automobile he crawled into the back seat and went to sleep and did not awaken until after the car had rolled back into the ditch, and that he told the officers he was driving in order to protect his wife, as she had no driver's license.

At the close of the state's case and also at the close of all the evidence, defendant moved for a directed verdict. Both motions were overruled.

The jury returned a verdict of guilty and judgment was entered on the verdict.

On appeal to this court, defendant assigns as errors of the trial the following:

I and II. That the trial court erred in overruling defendant's motions for directed verdicts.

III. That the trial court erred in the admission of certain evidence over the objection of defendant.

IV. That the verdict and judgment are manifestly against the weight of the evidence.

V. That the court erred in overruling defendant's motion for a new trial.

I and II. It is the opinion of this court that at the close of the state's case the state had introduced evidence of a substantial character in support of the charge laid against defendant and that a jury issue was presented. Defendant thereupon proceeded to introduce evidence in his own behalf, as already pointed out, and thereby waived the alleged error.

This court is of the opinion also that the trial court did not err in overruling defendant's motion at the close of all the evidence, as the record discloses that the state introduced evidence of sufficient probative value to require the submission of the

case to the jury. It follows that this assignment of error should not be sustained.

IV. After a careful examination of the record, this court concludes that the verdict and the judgment thereon are not manifestly against the weight of the evidence.

Defendant admits he had been drinking intoxicating liquor prior to leaving the drive-in theater. The testimony of the officers, and tests which were made, clearly established that defendant was under the influence of liquor when he was arrested. The evidence is in sharp conflict on the issue whether defendant or his wife had driven the automobile from the theater to the place where it was backed into the ditch.

It was the province of the jury to determine which witness should be believed, and also the greater weight of the evidence on this material fact issue, and, subject to the intervention of prejudicial error, which matter will be considered later, this court can not say, on the record before us, that the verdict of the jury is against the manifest weight of the evidence.

III. Over the objection of the defendant, the court permitted the state to cross-examine him concerning previous arrests on charges of operating a motor vehicle while under the influence of intoxicating liquor. We quote a portion of this testimony from the record, as follows:

"Judge: All right, you may cross-examine.

"Wennes: Mr. Hickman, you talked to your wife and you talked to Mrs. Shumate about your testimony here today, you have discussed that among yourselves, haven't you? A. Yes, we have.

"Q. You've been in similar difficulties like this before haven't you Mr.

"Rhode: I object.

"Judge: Objection overruled.

"Q. Have you been in similar

"Judge: Sit down, Mr. Rhode.

"Q. Have you been in similar difficulty before, Mr. Hickman? A. I have.

"Rhode: Exceptions taken.

"Judge: Exceptions noted, sir.

"Rhode: (Unable to transcribe this remark of Mr. Rhode).

"Wennes: To test the credibility of this witness of this testimony. Mr. Hickman

"Rhode: If it please the court, I ask for a ruling informing the jury what this testimony is good for what it is coming to.

"Wennes: Solely for the credibility of this witness.

"Rhode: I think the court should give that, at this time immediately.

"Judge: You may proceed."

This cross-examination of defendant continued, during which defendant was inquired of further as to a number of arrests or convictions on charges as above indicated, and defendant admitted that he had been convicted or pleaded guilty three times and that he had been arrested a "time or two that I wasn't guilty."

While the court instructed the jury in its general charge that evidence as to former convictions was received only for the limited purpose of permitting the jury to consider it in determining the credibility of the defendant as a witness, objections of the defendant to cross-examination as to "similar difficulties" were overruled, and the request of defendant that the court state to the jury the limited purpose of the cross-examination was also refused.

On the trial of a criminal cause, the accused, at his own request, may be a witness, but not otherwise. Section 2945.43, Revised Code.

It has been held that if the accused exercises his right to testify, he subjects himself to the same test as to his credibility as any other witness, within the sound discretion of the court. 15 Ohio Jurisprudence (2d), 352, 536, Sections 123, 366; *Hanoff* v. *State*, 37 Ohio St., 178, 41 Am. Rep., 496; *State* v. *Williams*, 85 Ohio App., 236, 88 N. E. (2d), 420.

We call attention to the provisions of Section 2945.42, Revised Code, relative to the competency of witnesses, which provides, among other things, that no person shall be disqualified as a witness in any criminal prosecution by reason of interest in the event, or by reason of his conviction of any crime, and the further provision:

"Such interest, conviction or relationship may be shown for the purpose of affecting the credibility of such witness."

See original enactment, 66 Ohio Laws, 287, 308 (1868), Code of Criminal Procedure, Section 139.

The limitations on the right to cross-examine the accused, under the foregoing statute, do not appear to be uniformly interpreted and applied. There are reported cases holding that the phrase, "conviction of crime," includes misdemeanors as well as felonies. However, in the last pronouncement of the Supreme Court, so far as has come to our attention, it was held that, for the purpose of testing the credibility of the. defendant, the accused may be asked whether he has been convicted of crime within the designation of the *crimen falsi* in the common law. See *Kornreich* v. *Industrial Fire Ins. Co.* (1936), 132 Ohio St., 78, 5 N. E. (2d), 153.

We quote the first three paragraphs of the syllabus in the *Kornreich case*:

"1. The competency of a witness is a question for the court. His credibility must be determined by the jury.

"2. The trial judge may exercise a sound discretion as to the limits of cross-examination, but he has no such discretion as to the legitimacy of such cross-examination.

"3. Where a party offers himself as a witness it has always been competent in Ohio to ask him, for the purpose of reflecting upon his credibility, whether he has been convicted of treason, a felony or any other crime that came within the designation of the *crimen falsi* of the common law. (*Wagner* v. *State,* 115 Ohio St., 136, approved, followed and distinguished.)"

In the common law, the term, "*crimen falsi,*" contains the elements of falsehood and fraud, and tends to defeat the ends of justice. 22 Corpus Juris Secundum, 53, Section 2.

In a somewhat earlier case, *Coble* v. *State* (1876), 31 Ohio St., 100, where the trial court permitted the state on rebuttal of the defendant's testimony to introduce in evidence, as affecting defendant's credibility as a witness, the mayor's record showing that defendant had been arrested and convicted of a violation of city ordinances, it was held that the conviction referred to for said purpose "is such, and such only, as before the en-

actment of the section would have disqualified the person testifying as a witness.'' It was held further that ''convictions for violations of city ordinances never disqualified a person from testifying in any cause.'' We quote the second paragraph of the syllabus:

''The credibility of a witness can not be affected by showing his former conviction of an offense under a city ordinance against disorderly conduct. A conviction, which may be shown to affect the credibility of a witness, under section 139 of the criminal code (66 Ohio Laws, 308) is such only, as, independent of the section, would have rendered the convict incompetent to testify.''

In the instant case, the defendant was cross-examined as to previous convictions in the Municipal Court of Sandusky, where he was charged with operating an automobile while under the influence of intoxicating liquor, a crime unknown in the common law. It is inferable that said convictions were had under a city ordinance. Furthermore, defendant having admitted he was under the influence of liquor at the time he was arrested, no further proof on that issue was required. The fact issue remaining embraced the inquiry: Who operated the motor vehicle? The defendant was entitled to have this material fact issue submitted to the jury on the basis of competent evidence, and the issue determined without bias or prejudice. 4 Ohio Jurisprudence (2d), 94, Section 877.

In the briefs of counsel, reference is made to Section 2945.59, Revised Code, which relates to proof of defendant's motive. This statute authorizes the introduction of evidence of like acts of the accused coming within the designation of *crimen falsi* of the common law, and which are so related to the offense charged as tending to show motive, habit or state of mind. In view of these limitations, it does not appear that the provisions of the statute would have any application in the instant case. 15 Ohio Jurisprudence (2d), 529, Section 358.

It is our opinion that the cross-examination of defendant relating to convictions for other offenses charged against defendant and to which defendant objected, was prejudicial, and that the assignment of error now under consideration should be sustained and defendant awarded a new trial.

The judgment is reversed and the cause is remanded to the Municipal Court for a new trial.

*Judgment reversed and cause remanded.*

Deeds and Fess, JJ., concur.