(No. 36071.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS CLAY WASHINGTON, Plaintiff in Error.

*Opinion filed January 23, 1962.*

FRANK O. WETMORE II, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

After a bench trial in the criminal court of Cook County the defendant, Thomas Clay Washington, was convicted of the illegal sale of narcotics and sentenced to the penitentiary for a term of not less than 20 years nor more than life. Upon this writ of error he contends that the trial court erred in not granting his motion for a finding of not guilty at the close of the State's case; that certain evidence was erroneously admitted and that his guilt was not established beyond a reasonable doubt.

The record shows that about 11 P.M. on August 11, 1959, Federal narcotics agents searched one Jim Scott, a "special employee" who was a narcotic addict. He had no money and no narcotics. He was given one $5 bill and ten $1 bills, the serial numbers of which were recorded. The agents and Scott then drove to the vicinity of 31st and Indiana Avenue in Chicago. There Scott left the car. The agents saw him meet the defendant, and one of them followed the defendant and Scott to the men's washroom in the Harmonia Hotel at 30th and Indiana, where he saw Scott give the money to the defendant, and saw the defendant give something in return to Scott. Scott then met the agent outside the hotel and handed him ten capsules which contained heroin. A few moments later the defendant was arrested at the corner of 29th and Indiana. He had the bills which had been given to Scott. Scott did not testify at the trial; one of the agents testified that they had searched for him and had been unable to find him.

At the close of the State's evidence, defendant moved for a finding of not guilty. The motion was denied. Defendant then took the stand. He denied that he sold narcotics to Scott, but he corroborated the testimony of the agents as to his meeting with Scott and receiving the money from Scott in the men's room at the hotel. He accounted for his possession of the money by saying first that he took

it to "make change" for Scott, and later that he was to meet Scott at 29th and Indiana to give the money back to Scott.

At the close of the evidence, defendant again moved for a finding of not guilty, and the motion was denied. He now contends that it was error to deny his first motion, and that it is the duty of this court, in ruling upon this contention, to consider only that evidence which had been introduced up to the time the motion was made.

Although we do not find that this court has ever passed upon this contention in a criminal case, it has long been the rule in civil cases that a motion for a directed verdict made at the close of the plaintiff's case is waived when the defendant introduces evidence after the motion has been denied. (*Joliet, Aurora and Northern Railway Co.* v. *Velie,* 140 Ill. 59; *Mayville* v. *French,* 246 Ill. 434, 439; *Ferrero* v. *Nat. Council of Knights of Security,* 309 Ill. 476, 479; *Lynn* v. *Lynn,* 21 Ill.2d 131, 133.) We see no reason why a different rule should be applied in criminal cases, and other courts that have considered the matter have reached the same conclusion. *E.g., Craig* v. *State* (1957), 236 Ind. 434, 140 N.E.2d 881; *People* v. *Corbisiero* (1943), 290 N.Y. 191, 48 N.E.2d 481; *State* v. *Hickman,* 102 Ohio App. 78, 141 N.E.2d 202.

Defendant's second contention is that it was error to admit as an exhibit the list of the serial numbers of the bills that were given to Scott and were found in the defendant's possession after his meeting with Scott. At the trial this exhibit was objected to upon the ground that it was a carbon copy which was not shown to be correct. That objection is not pressed in this court. Instead it is argued that because one agent called off the numbers of the bills to another agent who typed the list, the exhibit was hearsay, and inadmissible. It is unnecessary to discuss the merits of this objection because it was not advanced upon the trial. An objection to evidence, based upon a specific ground is a waiver of objection on all grounds not specified. *Forest Preserve*

*Dist.* v. *Lehmann Estate, Inc.,* 388 Ill. 416, 429; *Village of Prairie du Rocher* v. *Schoening-Koenigsmark Milling Co.* 248 Ill. 57.

Finally, the defendant contends that the evidence did not establish his guilt beyond a reasonable doubt. The defendant himself corroborated the testimony of the agents and admitted that he received the money from Scott. Scott had no narcotics when he met the defendant. One of the agents saw the defendant hand something to Scott, who had narcotics in his possession immediately thereafter. Although the defendant denied that he delivered any narcotics to Scott, the stories that he told to explain his possession of the money were so improbable as to be incredible. His guilt was proved beyond a reasonable doubt. See *People* v. *Lobb,* 17 Ill.2d 287; *People* v. *Malmenato,* 14 Ill.2d 52; *People* v. *Meyers,* 412 Ill. 136.

The judgment is affirmed.

*Judgment affirmed.*