(No. 37087.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES WILLIAMS, Plaintiff in Error.

*Opinion filed May 27, 1963.*

ANTHONY F. SALERNO, of Aurora, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN C. FRIEDLAND, State's Attorney, of Elgin, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and CHARLES L. HUGHES, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

This case is here on a writ of error issued to review a judgment of the circuit court of Kane County finding the defendant guilty of armed robbery and sentencing him to a term of 20 to 40 years.

The defendant's first contention is that he was illegally arrested and that his person and his home were illegally searched. However, this contention was never advanced in the trial court, either by a motion to suppress the evidence obtained in the search or by an appropriate objection to the introduction of such evidence. The only objections

which were made were on the ground that a sufficient connection had not been established between the defendant and the article which was introduced in evidence. These objections were insufficient to raise the question of an illegal search and the contention now advanced by the defendant will not be considered for the first time on review. *People* v. *Washington*, 23 Ill.2d 546.

It is also claimed that the court erred in admitting the defendant's confession in evidence. No claim of physical coercion is made, but the defendant claims that the confession was inadmissible because it was made in reliance on promises of leniency. The only evidence at the trial in support of this claim was the defendant's own testimony which was denied by the officers who were alleged to have made the promises. We are of the opinion that the trial court did not err in admitting the confession in evidence.

In his reply brief the defendant claims for the first time that the trial court erred in failing to conduct a hearing out of the presence of the jury to determine whether the confession was voluntary. Rule 39 of this court provides in part that "No alleged error or point not contained in the brief shall be raised afterwards, either by reply brief or in oral or printed argument or on petition for rehearing." (Ill. Rev. Stat. 1961, chap. 110, par. 101.39.) This contention will therefore not be considered.

Finally, the defendant contends that the evidence was insufficient to establish his guilt and points out that the victims of the robbery were unable to identity the defendant. However, the evidence showed that the robber fired his gun at the time of the robbery. The bullet was recovered and it was established by expert testimony that this bullet was fired from a gun found in the defendant's possession at the time of his arrest. In addition to this evidence it was established that the property stolen in the robbery was found in the defendant's room. Furthermore, the defendant's confession was admitted in evidence. This evidence

was sufficient to establish the defendant's guilt beyond a reasonable doubt.

The judgment of the circuit court of Kane County is affirmed.

*Judgment affirmed.*