Pauline Uebelein, Plaintiff-Appellee, v. Chicago Transit Authority, a Municipal Corporation, Defendant-Appellant.

**Gen. No. 50,813.**

First Judicial District.

September 6, 1967.

William J. Lynch, Oscar R. Hamlink, Jerome F. Dixon, and Edmund J. Burke, of Chicago, for appellant.

Steinberg, Polacek & Steinberg, of Chicago (Bradley D. Steinberg, of counsel), for appellee.

GOLDENHERSH, J.

In this appeal defendant seeks reversal, without remandment, of the judgment of the Circuit Court of Cook County, entered upon a jury verdict in favor of plaintiff in the amount of $11,144.55.

Defendant's grounds for reversal are summarized as follows: (a) the trial court admitted incompetent testimony (b) that with the incompetent testimony excluded, the evidence was insufficient, as a matter of law, to establish any liability on the part of defendant (c) that if for the purpose of argument the incompetent evidence should be considered competent, the evidence was insufficient, as a matter of law, to establish liability on the

part of defendant, and the court should have set aside the verdict and entered judgment in favor of defendant.

In its post-trial motion defendant stated that the verdict is contrary to the law, and contrary to the manifest weight of the evidence, that the evidence is insufficient as a matter of law to establish any liability on the part of the defendant, that the court erred in failing to grant the motion of the defendant for a directed verdict "at the close of the evidence received for and on behalf of the plaintiff," and that the court erred in its rulings admitting certain specified evidence offered by plaintiff, and excluding evidence offered by defendant.

Defendant did not move for a new trial, but asked only that the court "set aside the verdict and judgment entered herein and enter judgment in favor of the defendant."

Plaintiff contends (a) that defendant, by its failure to move for a new trial in the circuit court, and by its seeking reversal without remandment in this court, has waived error, if any, in the trial court's rulings on evidence, and (b) by its failure to renew, in its post-trial motion, its motion for a directed verdict at the close of all of the evidence, has waived any contentions with regard to judgment notwithstanding the verdict, or for a directed verdict at the close of all of the evidence.

Because plaintiff's first contention is directed to the permissible scope of review, and the latter to whether review has been waived, her second contention must be considered first.

The statutory provisions governing post-trial motions are set forth in section 68.1 of the Civil Practice Act (c 110, § 68.1, Ill Rev Stats 1965). Paragraph (1) provides: "If at the close of the evidence, and before the case is submitted to the jury, any party moves for a directed verdict the court may (a) grant the motion or (b) deny the motion or reserve its ruling thereon and submit the case to the jury. If the court denies the motion or reserves its ruling thereon, the motion is waived

unless the request is renewed in the post-trial motion." Paragraph (2) provides in part, ". . . Relief after trial may include the entry of judgment if under the evidence in the case it would have been the duty of the court to direct a verdict without submitting the case to the jury, even though no motion for directed verdict was made or if made was denied or ruling thereon reserved. . . ."

 In our opinion, although defendant did not comply with paragraph (1), its assertion, in its motion, "that the evidence is insufficient as a matter of law to establish any liability on the part of the defendant," is sufficient under paragraph (2) to preserve for review the same issues as are presented upon appeal from denials of motions for directed verdict, and for judgment notwithstanding the verdict.

 In People v. Washington, 23 Ill2d 546, 179 NE2d 635, the Supreme Court said at page 548, ". . . it has long been the rule in civil cases that a motion for a directed verdict made at the close of the plaintiff's case is waived when the defendant introduces evidence after the motion has been denied." Our review, therefore, is limited to those issues reviewable upon appeal from a judgment entered after denial of a motion n. o. v. Under the holding in Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504, the only question presented on appeal from such judgment is whether "all of the evidence when viewed in its aspect most favorable to the opponent so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

We turn now to the question of whether defendant's failure to move for a new trial in the circuit court precludes review of its contentions with respect to error in the trial court's rulings on the admissibility of evidence.

Defendant contends that the court erred in admitting evidence offered by plaintiff because the evidence was not "competent." Relying upon Knudson v. Knudson, 382 Ill 492, 46 NE2d 1011, and Day v. Barber-Colman, 10 Ill

App2d 494, 135 NE2d 231, defendant argues that in reviewing the trial court's ruling on its post-trial motion, this court may consider only "competent" evidence.

Assuming, arguendo, that this latter contention is correct, the problem presented is to define "competent" evidence. An examination of Wigmore, McCormick, Gard and the Model Code of Evidence fails to reveal that the term "competent" evidence is used or discussed. The only effort on the part of an appellate court in Illinois to define the term is found in Wood v. Prudential Ins. Co. of America, 271 Ill App 103, where relying upon Corpus Juris, at page 110, the court said "Competent evidence is that 'which, in respect to evidence, means the characteristic of being that which the very nature of the thing to be proved requires as the fit and appropriate proof in the particular case.' 22 CJ, p 192." With due respect to our predecessors, we submit that upon reading this definition the reason for Shepard's Citator's failure to show subsequent reference thereto is readily perceptible.

Upon the authority of the cases cited by defendant, we agree that in determining the issue presented, a reviewing court may consider only relevant evidence.

In People ex rel. Noren v. Dempsey, 10 Ill2d 288, at 293, 139 NE2d 780, our Supreme Court said "The basic principle that animates our law of evidence is that what is relevant is admissible. Exceptions to that principle must justify themselves." In Marut v. Costello, 34 Ill2d 125, at page 128, 214 NE2d 768, the Supreme Court said, "Relevancy is established where a fact offered tends to prove a fact in controversy or renders a matter in issue more or less probable."

▇ Because defendant did not seek a new trial, assuming the evidence complained of is found to be relevant, we may not inquire as to the trial court's rulings on its admissibility. This rule is clearly stated in Gundich v. Emerson-Comstock Co., 21 Ill2d 117, 171 NE2d 60, wherein at page 128, the Supreme Court said "Moreover, the

issue of the propriety of the admission or rejection of evidence is properly considered on a motion for a new trial, and not on a motion for judgment notwithstanding the verdict, which was involved herein. Millikin Nat. Bank v. Shellabarger Grain Products Co., 389 Ill 196, 200."

■ The evidentiary errors complained of involve the admission of a statement attributed to defendant's conductor, and evidence of custom and usage. That statements by an agent are relevant is so clearly apparent as to require no citation of authorities. We do not discuss the authorities cited by defendant other than to say that they pertain not to relevancy, but to admissibility. As to evidence of custom and usage, under the authority of Underwood v. Pennsylvania R. Co., 34 Ill2d 367, 215 NE2d 236, there can be no question of its relevancy.

The discussion of defendant's final contention requires a review of the evidence. The record shows plaintiff was a frequent rider on defendant's elevated trains. On September 4, 1957, at about 5:30 p. m., plaintiff boarded defendant's Jackson "D" train at Washington Street. The weather was good, and she sat next to an open window on the right-hand side, in the third coach from the front of an 8-coach train. At 47th Street, a male passenger left the coach in which plaintiff was riding, walked along the platform to a point near where plaintiff was sitting in the coach, reached in through the open window, and attempted to take plaintiff's purse. While she was struggling with him for possession of the purse, the train started moving forward, and plaintiff's arm struck the metal edge of the window and was fractured. Plaintiff testified that the train started moving after a buzzer signal sounded, and when the signal was given, the struggle for the purse had been in progress for approximately 15 seconds. Shortly thereafter she went to the back of the coach and engaged in a conversation with the conductor. She told the conductor that her arm was broken, and he told her to relax, that he had seen the

whole thing and he thought that by starting up the train "it would break his grip." At 63rd Street, plaintiff left the train and went by taxicab to Jackson Park Hospital.

A police officer testified that he talked with plaintiff on the date in question at Jackson Park Hospital, and made out a report of the occurrence. There is evidence that plaintiff was admitted to the hospital on that date, and the history given by plaintiff at the time of admission is in accord with her testimony at the trial.

There is testimony that it was the custom and usage in the operation of defendant's elevated trains, that prior to giving the motorman the signal to start up a train standing at a station platform, the conductor would extend his head out of an open window of the coach in which he was riding, and watch the loading and unloading of passengers. This was done for the purpose of observing whether any person was in a position of danger and might suffer injury by reason of the train's being placed in motion. It was the custom and usage to continue in this position until the train departed from the station.

Defendant argues that it cannot be held liable for "the sudden and unexpected assault" upon plaintiff by a third person. It also contends that assuming the conductor actually saw the occurrence evidenced by the statement to which plaintiff testified, there was no way he could have averted it. Relying upon Sue v. Chicago Transit Authority, 279 F2d 416, it argues that it is not liable to plaintiff because there is no evidence of prior similar occurrences, and it is not shown that the incident could have been foreseen and avoided.

In our opinion this case is clearly distinguishable from those cases which involve the question of foreseeability, such as the Sue case (supra) and Schwartz v. Chicago Rys. Co., 208 Ill App 232, upon which the United States Court of Appeals relied in reaching its decision. Here there is no question of the foreseeability of the occurrence—it was in progress—and the issue then became

whether the conductor, in signaling for the train to start, was guilty of negligence.

A reasonable inference from the evidence of record is that plaintiff was not injured in the struggle for the purse, and her injuries were suffered as the result of her arm striking the window upon the train's being put in motion. Admittedly the conductor was confronted with a sudden emergency which required him to make a speedy decision, and this is a factor in determining whether under the circumstances shown, and in view of the duty defendant owed plaintiff, its passenger, his choice of action was reasonable.

In Alton Light & Traction Co. v. Oller, 217 Ill 15, 75 NE 419, the Supreme Court stated that the obligation of a common carrier is to do all that human care, vigilance and foresight can reasonably do, consistent with the mode of conveyance and the practical operation of the road, to convey its passengers to their destinations in safety. Whether, under the circumstances shown, defendant did so, was a question of fact for the jury.

Applying the rule of Pedrick (supra) we are unable to say that the verdict in favor of plaintiff cannot stand, and the judgment of the Circuit Court of Cook County is therefore, affirmed.

Judgment affirmed.

EBERSPACHER and MORAN, JJ., concur.