THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES E. TEFFERTILLER, Defendant-Appellant.

Fifth District    No. 5—86—0284

Opinion filed July 21, 1987.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Gene Gross, State's Attorney, of Pinckneyville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, and Garry W. Bryan, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Defendant was charged by information with harassment by telephone (Ill. Rev. Stat. 1985, ch. 134, par. 16.4—1(2)) and two counts of intimidation (Ill. Rev. Stat. 1985, ch. 38, par. 12—6(a)(1)). After a Perry County bench trial the judge found him guilty as charged and sentenced him to four years of imprisonment on the intimidation charges and six months on the harassment charge. Defendant appeals. We affirm.

Defendant did not testify at trial and presented no evidence in his behalf. The three witnesses for the State were Dennis and Kim Harrison and Du Quoin police officer Gary Darnell. The Harrisons each testified regarding defendant's telephoned threats to kill them if they had him arrested. Each testified defendant called collect. Darnell testified he was listening on a telephone extension at the Harrison residence when defendant telephoned Kim Harrison again. In response to questions as to how they knew it was defendant on the telephone, each of the Harrisons testified regarding face-to-face meetings with defendant and numerous prior harassing telephone calls, and each professed to be able to recognize his voice. Kim Harrison also testified she received "thousands" of calls from defendant and he had a distinctive voice. She also testified defendant used his own name whenever he telephoned her. Darnell testified he heard defendant speak at defendant's preliminary hearing and that it was the same person Darnell heard while listening on the Harrisons' telephone extension.

Defendant argues the trial court erred in hearing evidence regarding the state of mind of the Harrisons (the Harrisons testified they were afraid when they received the calls). Defendant waived this issue. Defense counsel argued at trial that an allegation of specific intent to cause Kim Harrison to omit to perform an act was essential to the charges of intimidation. Evidence of the actual effect of defendant's actions was circumstantial evidence of his intent and thus relevant in light of counsel's argument and properly heard. A party may not complain on appeal of evidence he invited. (See *People v. Arnold* (1963), 27 Ill. 2d 294, 297, 189 N.E.2d 241, 243.) Also, defense counsel's objection to this testimony by Mr. Harrison, the State's first witness, was that it was obvious how Mr. Harrison felt. An objection on a specific ground waives other grounds of objection not specified. (*People v. Washington* (1962), 23 Ill. 2d 546, 548, 179 N.E.2d 635, 637.) In any event, we agree with defense counsel's statement at trial that Mr. Harrison's testimony in this regard merely stated the obvious.

Defendant also argues the court erred in permitting the State's witnesses to testify regarding defendant's prior bad acts or crimes. In general evidence of crimes other than the one for which the accused is being tried is not admissible, but there are exceptions. Evidence which tends to prove any fact in issue, including motive, intent, identity, absence of mistake or *modus operandi* or any other relevant point, is admissible although it may show the accused committed another crime. (*People v. McDonald* (1975), 62 Ill. 2d 448, 455, 343 N.E.2d 489, 492-93.) The State's witnesses' identification of

defendant as the harassing and intimidating caller was at issue throughout this trial and defendant continues to assert the weakness of that identification in urging the evidence of prior bad acts was not harmless. The evidence of other bad acts or crimes directed against the Harrisons tended to strengthen that identification. The evidence was properly admitted and considered. Further, although the danger in admitting such evidence is that the trier of fact might infer the accused is prone to commit crime (see *People v. Palmer* (1970), 47 Ill. 2d 289, 296, 265 N.E.2d 627, 631, *cert. denied* (1971), 402 U.S. 931, 28 L. Ed. 2d 866, 91 S. Ct. 1532), we presume the experienced judge who tried this case was less susceptible to being misled by the undesirable facet of such evidence than a jury would be. *Cf. People v. Robinson* (1964), 30 Ill. 2d 437, 439, 197 N.E.2d 45, 47 (the trial court is presumed to have considered only admissible evidence and to have discarded inadmissible evidence in reaching his conclusion).

Additionally, the evidence of guilt was overwhelming in this case. The sole substantial factual dispute was whether defendant was correctly identified as the caller. The competent testimony of the Harrisons established a course of events spanning years during which the Harrisons had ample opportunity to identify their tormentor. Darnell's testimony provided corroboration on this point. Separately or taken together, the errors asserted by defendant could not have affected the fairness of the trial and were harmless beyond a reasonable doubt. It is our policy to affirm a conviction despite any error unless real justice has been denied or a different result might have been reached. *People v. Tranowski* (1960), 20 Ill. 2d 11, 17, 169 N.E.2d 347, 350, *cert. denied* (1960), 364 U.S. 923, 5 L. Ed. 2d 262, 81 S. Ct. 290, *cert. denied* (1962), 368 U.S. 978, 7 L. Ed. 2d 440, 82 S. Ct. 484.

Defendant argues the trial court erred at sentencing in considering unreliable testimony by a Du Quoin police department dispatcher that defendant telephoned that department, collect, from 2 to 40 times a day, tying up the department's emergency telephone line in so doing. Defendant argues there was no basis shown for this witness' identification of defendant as the caller. Defense counsel only objected on the basis of relevance at the sentencing hearing and thus waived the reliability objection. The trial judge is entitled to be informed of the basis of the objection if he is to be charged with error on review of his ruling. *People v. Garner* (1968), 91 Ill. App. 2d 7, 12, 234 N.E.2d 39, 42.

In any event, this witness' identification of defendant was sufficiently authenticated. The witness testified she was familiar with defendant. If the identification could have been stronger, this affected

the weight of the evidence rather than its admissibility. See *People v. Hefner* (1979), 70 Ill. App. 3d 693, 695, 388 N.E.2d 1059, 1061.

■ Finally, this witness' testimony was not a substantial factor in the sentencing determination. In overruling defense counsel's relevancy objection the judge stated the testimony was relevant regarding defendant's attitude on law enforcement and compliance with the law. Defendant does not dispute this view on appeal. The testimony was merely cumulative as to defendant's attitude on law enforcement and compliance with the law in light of the history of prior convictions shown in the 35-year-old defendant's presentence investigation report, including battery (four convictions), eluding a police officer (two), obstructing a police officer, criminal trespass to land (three), escape, driving under the influence of intoxicating liquor (two), driving while license revoked (eight), reckless driving (two), disorderly conduct, and, most telling, three convictions for harassment by telephone. Further, that history provided ample justification for the sentence imposed. (See *People v. Stumpe* (1979), 80 Ill. App. 3d 158, 165-66, 399 N.E.2d 292, 297.) The sentences of four years on the intimidation convictions were less than the maximum possible unextended term of five years. Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(6).

The judgment of the circuit court of Perry County is affirmed.

Affirmed.