(No. 36004.—

DEAN A. LYNN *et al.*, Appellants, *vs.* MCHARRY LYNN, Appellee.

*Opinion filed Dec. 1, 1960.—Rehearing denied Jan. 18, 1961.*

R. Marlin Baker, and Edwin C. Mills, both of Lincoln, for appellants.

Forster I. Mitchell, and James L. Perbix, both of Havana, for appellee.

Mr. Justice Solfisburg delivered the opinion of the court:

This case comes to us on appeal from a decree entered as the result of a will contest trial wherein the jury was instructed to return a verdict upholding the will in question. The contested will purported to dispose of real estate, and therefore a freehold is involved, giving us jurisdiction on direct appeal.

The litigants are brothers, and are grandsons of the testatrix Ora McHarry. The plaintiffs seek to set aside the will, wherein they participate as beneficiaries in personal property, on the ground that the defendant, who is also the executor of the will and the principal beneficiary of real estate, exercised undue influence upon the testator in procuring the execution of the will in his favor. There were grounds other than undue influence alleged in the complaint, but through stipulation of counsel that was the sole ground relied upon to set aside the will.

The case was tried before a jury. At the close of the

plaintiffs' evidence the defendant filed a motion for a directed verdict, which was denied. The defendant introduced evidence, followed by plaintiffs' rebuttal evidence. At the close of all evidence, the defendant again filed a motion for a directed verdict, which the trial court allowed. Accordingly, the jury returned a verdict finding the issues for the defendant, and a decree was entered on the verdict, sustaining the will. The plaintiffs appeal from that decree.

The plaintiffs contend that the court erred in allowing defendant's motion for a directed verdict at the close of all evidence after a similar previous motion at the close of plaintiffs' case had been denied. They argue first, that the motion at the close of plaintiffs' evidence having been denied, the trial court could not grant a motion for directed verdict at the close of all the evidence unless defendant thereafter introduced uncontradicted evidence, consistent with plaintiffs' evidence, and proving a complete affirmative defense. Secondly plaintiffs contend that there is sufficient evidence in the record to go to jury and that the court erred in weighing the evidence on the motion for directed verdict.

The defendant's theory is that the evidence failed to support the cause of action, and therefore the court properly directed a verdict.

The mere fact that the trial court denied the motion for a directed verdict at the close of plaintiffs' case did not preclude the granting of the same motion at the close of all evidence. Any error in the ruling on the original motion was waived by defendant's proceeding with the introduction of evidence, (*Ferrero* v. *National Council of Knights and Ladies of Security,* 309 Ill. 476; 35 I.L.P. sec. 363,) and when defendant renewed his motion at the close of the case, the question was whether there was sufficient evidence in the entire record to permit the case to go to the jury. *Goldberg* v. *Capitol Freight Lines, Ltd.* 382 Ill. 283, 296.

Much of the evidence in the record is undisputed. The testatrix, Ora McHarry, was a woman of over 80 in 1958 when the will in question was drawn. The purported will left 240 acres and her residence to the defendant, McHarry Lynn, and divided the remainder of her estate between her three grandsons, the litigants here, equally. In 1955, McHarry Lynn, after a conference with his attorney, talked to the testatrix and she thereafter went to his attorney and executed a will disinheriting her only child, the mother of the present litigants. In late 1957, defendant had a conversation with the testatrix in which they discussed leaving the farm to defendant. Defendant thereupon consulted his attorney who had drawn the former will, and was advised that a new will was necessary to accomplish this purpose, and that Mrs. McHarry would have to make an appointment for this purpose. Defendant so advised the testatrix, and on January 6, 1958, she wrote the same attorney for an appointment on January 9, 1958. On that date the testatrix arrived at the office of the attorney with a friend, Bessie Cross.

Mrs. Cross testified that they waited for about 15 minutes until three witnesses to the will arrived; that the testatrix entered the attorney's office with the three witnesses and came out about one-half or three-quarters of an hour later. She further testified that the attorney's secretary did not enter his office during that time. The attorney and his secretary, however, testified that the testatrix entered the lawyer's office alone on January 9, and discussed her will; that the secretary was then called in; that she rewrote the will; that the changes were then read to the testatrix who approved them; and that thereafter the witnesses were called in.

We think that the evidence in this record, together with the legitimate inferences that may be drawn, tend to establish a fiduciary relationship between the testatrix and defendant. It further tends to show that defendant alone

discussed the new will with testatrix and alone later with their attorney. The testimony of Bessie Cross, although contradicted, tends to prove that defendant procured the new will which was prepared by the attorney without prior consultation with the testatrix.

We have held that where a fiduciary in whose behalf a will is drawn, is directly connected with the making of the will by participating in its preparation, proof of these facts establishes *prima facie* a case of undue influence. *Mitchell* v. *Van Scoyk,* 1 Ill.2d 160; *Wiik* v. *Hagen,* 410 Ill. 158; *Dial* v. *Welker,* 328 Ill. 56.

It is apparent from the memorandum opinion of the trial judge, that he rejected the testimony of Bessie Cross and accepted the testimony of the scrivener and his secretary. In this he erred. Neither this court nor the trial court is permitted to weigh the evidence. The sole question is whether the evidence, taken in its aspects most favorable to the contestants, together with all reasonable presumptions and inferences to be drawn therefrom, tends to establish the charge of undue influence. (*Mitchell* v. *Van Scoyk,* 1 Ill.2d 160.) From a careful examination of the record we believe the plaintiffs have met that burden, and the case should have gone to the jury.

The decree of the circuit court of Mason County must therefore be reversed and the cause remanded for a new trial.

*Reversed and remanded.*