AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO, Plaintiff-Appellee, *v.* J & G RESTAURANT, INC., Defendant-Appellant.

First District (1st Division)    No. 80-1656

Opinion filed March 16, 1981.—Rehearing denied April 20, 1981.

Peter G. Frezados, of Regas & Frezados, of Chicago, for appellant.

Robert R. Watson and Kathryn E. Korn, both of Sidley & Austin, of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

American National Bank & Trust Company of Chicago (Bank), as trustee-landlord, filed a forcible entry and detainer action under the provisions of the applicable statute (Ill. Rev. Stat. 1979, ch. 57, par. 1 *et seq.*) against defendant, J & G Restaurant, Inc. By its action, the Bank sought possession of the premises occupied by defendant, plus unpaid rent, costs and attorney's fees.

The trial of this cause commenced on May 13, 1980. Each side presented its witnesses. The jury found for the Bank on May 16, 1980, and judgment was entered for it on May 20, 1980.

Enforcement of the judgment for possession was stayed by the trial

court until May 31, 1980. Jurisdiction was reserved by the court to determine the unpaid rent claim and other costs. Upon defendant's motion, the court allowed a final extension of the stay of judgment to June 6, 1980. This date was also set for any presentation of post-trial motions. Without filing a post-trial motion, defendant filed a notice of appeal on June 6, 1980.

The decisive issue is whether defendant failed to preserve for review the matters set forth in its notice of appeal by failing to file a post-trial motion.

Section 68.1(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.1(2)) provides in part:

> "Relief desired after trial in jury cases, heretofore sought by reserved motions for directed verdict * * * must be sought in a single post-trial motion. * * *The post-trial motion must contain the points relied upon, particularly specifying the grounds in support thereof, and must state the relief desired, as for example, the entry of a judgment, the granting of a new trial or other appropriate relief."

This requirement has been enforced by Illinois Supreme Court Rule 366(b)(2)(iii) (73 Ill. 2d R. 366(b)(2)(iii)), limiting the scope of review in jury cases:

> "A party may not urge as error on review of the ruling on his post-trial motion any point, ground, or relief not specified in the motion."

See *Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 415 N.E.2d 337.

It is essential, in jury cases, to file a post-trial motion in order to preserve an issue for review. *Roberson v. Leak* (1966), 72 Ill. App. 2d 11, 218 N.E.2d 819; *Beanland v. Sweitzer* (1974), 21 Ill. App. 3d 121, 314 N.E.2d 736.

■■ In *Stauffer v. Held* (1974), 16 Ill. App. 3d 750, 752, 306 N.E.2d 877, it was stated:

> "Procedural rules are not designed as a trap for the unwary, but as guidelines for the diligent in an adversary proceeding. * * * [A]dherence to these recognized procedural rules * * * is not an onerous imposition thwarting the ends of justice, but rather is an implementation of required orderly procedure to resolve judicial issues on review."

Because defendant failed to file a post-trial motion, it has not preserved any matters for review. Therefore, we are legally unable to decide any of the substantive issues raised on appeal.

■■ Counsel for defendant contends that the lack of a post-trial motion is not fatal where the appeal is taken from a directed verdict. It was urged

that this was such a case because defendant had made a motion for directed verdict at the end of the Bank's case. It is true that where a trial court directs a verdict at the end of a plaintiff's case a post-trial motion is not needed to perfect an appeal. (*Keen v. Davis* (1967), 38 Ill. 2d 280, 230 N.E.2d 859.) However, this is not the case here. Defendant's motion for a directed verdict was denied by the trial court. Defendant then proceeded to present its defense on the merits. Without renewing the motion for directed verdict at the close of all the evidence, defendant has waived its right under that motion. (*People v. Washington* (1962), 23 Ill. 2d 546, 179 N.E.2d 635; *Lynn v. Lynn* (1960), 21 Ill. 2d 131, 171 N.E.2d 53; *Terrell v. Lovelace* (1978), 65 Ill. App. 3d 332, 382 N.E.2d 135.) By failing so to do, there is no question of law before this court.

■■ The Bank has moved to dismiss this appeal. However, we consider that the appropriate action to take is to affirm the judgment of the trial court, rather than to dismiss the appeal. See *Roberson v. Leak*; *Johnson Ford Co. v. Lewan* (1966), 71 Ill. App. 2d 420, 218 N.E.2d 893.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.