THE PEOPLE *ex rel.* WILLIAM J. SCOTT, Attorney General, Plaintiff-Appellant, *v.* HERMAN M. SILVERSTEIN *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-1582

Opinion filed March 23, 1981.

Tyrone C. Fahner, Attorney General, of Chicago (Donald G. Mulack, Special Assistant Attorney General, and George H. Klumpner, Assistant Attorney General, of counsel), for appellant.

Albert E. Jenner, Jr., Donald R. Harris, and James A. McKenna, all of Jenner & Block, of Chicago, for appellee George F. Harding Museum.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

This is an interlocutory appeal from orders entered on May 6, 1980, and May 29, 1980, allegedly modifying a previous order for preliminary injunction entered December 20, 1976. Plaintiff appeals pursuant to Supreme Court Rule 307(a)(1). Ill. Rev. Stat. 1979, ch. 110A, par. 307(a)(1).

This litigation has been the subject of review by this court in *People ex rel. Scott v. Silverstein* (1980), 86 Ill. App. 3d 605, 408 N.E.2d 243, *appeal denied* (1980), 81 Ill. 2d 605, and *People ex rel. Scott v. George F. Harding Museum* (1978), 58 Ill. App. 3d 408, 374 N.E.2d 756. Related litigation was also before this court in *People ex rel. Scott v. Silverstein* (1980), 89 Ill. App. 3d 1039, 412 N.E.2d 692. These opinions set forth the pertinent facts in some detail. We will therefore summarize only those facts which relate to the instant appeal.

The People of Illinois by the Attorney General (plaintiff) filed this action on October 28, 1976, seeking to enforce an alleged charitable trust. Plaintiff sought a variety of equitable relief including an injunction prohibiting the disposition of the assets of the defendant George F. Harding Museum (Museum) and the appointment of a receiver. On

December 20, 1976, the trial court entered a preliminary injunction enjoining the Museum and its trustees "from selling any assets of the George Harding Museum."

On November 30, 1979, plaintiff filed a motion for an "immediate hearing" concerning the appointment of a receiver. The motion alleged the right of the People of Illinois to the use and enjoyment of the George F. Harding Museum was "being frustrated by the depletion, waste and mismanagement of Museum art objects and finances * * *." After hearing arguments of counsel, the trial court denied plaintiff's motion for a hearing on the appointment of a receiver and also denied plaintiff's motion for the appointment of a receiver.

Plaintiff's appeal from these denials was the subject of our opinion filed July 7, 1980, in *Silverstein*, 86 Ill. App. 3d 605. This court reversed the denial by the trial court of a hearing on the appointment of a receiver. This court directed that such hearing be "expeditiously held." Our ruling was stayed pending disposition of defendants' petition for leave to appeal to the Illinois Supreme Court. The petition was denied on November 30, 1980.

While that appeal was thus pending, the events pertinent to the instant appeal transpired. On May 5, 1980, plaintiff received "telephonic notice" of an "Emergency Motion" to be presented to the trial court on the following day by Museum trustees Cline and Otlewis. Over plaintiff's objections, the trial court entered an order on May 6, 1980, stating the preliminary injunction of December 20, 1976, "was intended to and does relate to the Museum's artifacts as opposed to the other assets." The order also permitted defendants to pay off outstanding loans by the Museum through a consolidation loan from the First National Bank of St. Paul and to use its beneficial interest in a land trust as collateral for this new indebtedness. A subsequent order of May 29, 1980, purporting to be entered pursuant to the order of May 6, 1980, described the new loan to be "sufficient to pay all outstanding debts" owed by the Museum to three banks. This new borrowing was to be evidenced by a promissory note and assignment of a beneficial interest in real estate owned by the Museum.

## I.

The first issue to be considered is the jurisdiction of this court to hear this appeal. Plaintiff contends the order of May 6, 1980, which stated the December 20, 1976, preliminary injunction prohibited only the sale of Museum artifacts and not other assets, was a modification of the previous injunction. Therefore, plaintiff contends, the order is appealable as a matter of right pursuant to Supreme Court Rule 307(a)(1). Ill. Rev. Stat. 1979, ch. 110A, par. 307(a)(1).

■■ We agree. The language of the preliminary injunction of December

20, 1976, prohibiting the sale of "any assets" of the Museum is patently unambiguous. We have previously described the order of December 20, 1976, simply as "enjoining defendants from selling any assets of the Museum." (*Silverstein*, 86 Ill. App. 3d 605, 606.) The word "any" has broad and inclusive connotations. Webster defines this simple word as "one or some indiscriminately of whatever kind." (Webster's Third New International Dictionary 97 (1971).) This same definition is stated in *Mathis v. Hejna* (1969), 109 Ill. App. 2d 356, 361, 248 N.E.2d 767. A subsequent order which would permit the sale of assets other than Museum artifacts can be nothing else but a modification of the original preliminary injunction. A determination of the validity of the order of May 6, 1980, is therefore within the jurisdiction of this court.

■■ The order of May 29, 1980, concerns simply the method and manner of pledging assets of the Museum. No transfer of title to any Museum asset is involved in the order of May 29, 1980. Consequently, this order may not be the subject of an interlocutory appeal under Supreme Court Rule 307(a)(1). (Ill. Rev. Stat. 1979, ch. 110A, par. 307(a)(1).) Additionally, this order is not appealable as a final order. (*People ex rel. Mosley v. Carey* (1979), 74 Ill. 2d 527, 537, 387 N.E.2d 325, *cert. denied* (1979), 444 U.S. 940, 62 L. Ed. 2d 306, 100 S. Ct. 292.) Accordingly, we dismiss this appeal as regards the order of May 29, 1980.

## II.

We now consider the order entered on May 6, 1980. The grant or denial of a preliminary injunction is addressed to the sound discretion of the trial court, and, "absent abuse, the exercise of such discretion will not be disturbed by a court of review." (*Hutter v. Lake View Trust & Savings Bank* (1977), 54 Ill. App. 3d 653, 655, 370 N.E.2d 47, *appeal denied* (1978), 71 Ill. 2d 598, *cert. denied* (1978), 439 U.S. 1004, 58 L. Ed. 2d 679, 99 S. Ct. 615.) Our scope of review is therefore limited to whether entry of the order in question was an abuse of discretion. *Donald McElroy, Inc. v. Delaney* (1979), 72 Ill. App. 3d 285, 291, 389 N.E.2d 1300.

We agree with defendants that the purpose of the orders in question was to allow a proper and secure consolidation loan transaction. As above pointed out, the issues of the legal propriety and the financial judgment involved in use of defendants' beneficial interest in a land trust as collateral for such a loan are not before us. However, insofar as the May 6, 1980, order limited the previous injunctional order to Museum artifacts only, the order clearly goes far beyond what was reasonably necessary to accomplish this purpose of loan consolidation.

Plaintiff has charged convincingly in its brief that the limitation of the preliminary injunction to Museum artifacts only actually had no relation to the restructure of the loan. Plaintiff charges the modification was

actually made for the purpose of permitting a subsequent sale by the defendants of valuable real estate owned by the Museum pursuant to a contract for sale dated August 12, 1980. On oral argument the parties agreed that the sale of real estate owned by the Museum was completed on February 2, 1981. Any issues regarding this sale are not before us, and we will refrain from commenting thereon.

■■ In this regard we note that the order of May 6, 1980, was entered by the trial judge approximately two months before our opinion was filed directing a hearing on plaintiff's motion for appointment of a receiver be held by the trial court "expeditiously" and "promptly." (*Silverstein*, 86 Ill. App. 3d 605.) It seems to us most amazing that when serious charges of mismanagement of the assets of a charitable trust were before the court that the able trial judge would modify the preliminary injunction so as to impair the status quo without conducting a hearing on those charges. The only conclusion we can reach is that the modification of the preliminary injunction was an abuse of discretion. We will state that in our opinion the competent and able trial judge before whom this case was pending would not have entered this order if he could have had before him a copy of our subsequent opinion which, of course, was not then in existence.

■■ In our opinion of July 7, 1980 (86 Ill. App. 3d 605), this court directed specifically that a hearing on appointment of a receiver be "expeditiously" and "promptly" held. That direction has fallen upon deaf ears. A contract to sell Museum real estate, valued in the millions, was executed on August 12, 1980, and the property was actually sold on February 2, 1981, with full knowledge of our opinion filed on July 7, 1980, despite the pendency of the motion for appointment of a receiver and our opinion thereon. The clear mandate of a reviewing court is not to be disregarded. Our directions are to be followed by the trial court and by all counsel of record. *Stuart v. Continental Illinois National Bank & Trust Co.* (1979), 75 Ill. 2d 22, 27-28, 387 N.E.2d 312, *cert. denied* (1979), 444 U.S. 844, 62 L. Ed. 2d 56, 100 S. Ct. 86; *Pinelli v. Alpine Development Corp.* (1979), 70 Ill. App. 3d 980, 1007, 388 N.E.2d 943, *appeal denied* (1979), 79 Ill. 2d 617.

We will, therefore, reverse the injunctional order of May 6, 1980. We note specifically that this reversal will continue in full force and effect the order for preliminary injunction entered December 20, 1976, preventing sale of "any assets" of the charitable trust herein.

Since our previous specific mandate for a prompt hearing on the appointment of a receiver has been ineffective, we will again restate our mandate. We remand the cause with specific directions that the trial court proceed then *forthwith* to conduct a hearing on the merits of appointment of a receiver for the George F. Harding Museum. We are told on oral argument this case has been set for trial and for hearing on the motion for appointment of a receiver on May 26, 1981. The trial judge is to follow our

mandate and hear the motion for appointment of a receiver as directed by us.

Judgment reversed as to order of May 6, 1980. Appeal dismissed as to order of May 29, 1980. Cause remanded with directions that hearing on the motion of plaintiff for appointment of a receiver be held *forthwith* by the trial court.

McGLOON and CAMPBELL, JJ., concur.