J & G RESTAURANT, INC., Plaintiff-Appellant, v. JAMES A. REGAS *et al.*, Defendants-Appellees.

First District (1st Division)  No. 85—3375

Opinion filed June 1, 1987.—Rehearing denied July 8, 1987.

Robert M. Karton, Ltd., of Chicago (Robert M. Karton, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Timothy M. Kelly, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

J & G Restaurant, Inc. (plaintiff), brought an action against attorneys James Regas and Peter Frezados, individually and as a partnership (defendants), seeking damages sustained as a result of defendants' alleged negligent misrepresentation of plaintiff in a forcible

detainer action brought against plaintiff by American National Bank & Trust Company of Chicago (landlord). Both plaintiff and defendants filed cross-motions for summary judgment. Defendants' motion was granted, and plaintiff appeals. For the reasons set forth below, we affirm.

As noted above, the present case arises out of a forcible entry and detainer action brought by plaintiff's landlord on January 3, 1980. In that action, the landlord alleged that plaintiff had failed to pay rent at the Del Prado Building at 5307 South Hyde Park in Chicago for the months of November and December 1979, in breach of its obligation under a lease dated August 1, 1977. The landlord further alleged that plaintiff was notified of its default on December 12, 1979, and failed to cure the default within five days, as required by the lease. The landlord sought possession of the premises as well as back rent, interest, costs and attorney fees.

Plaintiff retained defendants as counsel in that action, and defendants appeared on January 11, 1980. Defendants filed successive motions to dismiss on behalf of plaintiff, arguing that the landlord's notice of default failed to conform to statutory requirements and that the lease provided for cure within 10 days of default rather than five days as alleged by the landlord. The trial court rejected both arguments, and denied the motions to dismiss.

At a pretrial conference on May 13, 1980, defendants presented a motion *in limine*, again urging an interpretation of the lease to the effect that a default in payment of rent could be cured within 10 days of notice, not five days. The court permitted plaintiff to make an offer of proof as to the parties' intent to the lease. The trial judge ultimately disallowed this evidence and held that the lease unambiguously provided for cure within five days of notice of default for nonpayment of rent.

The forcible entry and detainer action was subsequently tried before a jury. The trial court directed a verdict in favor of the landlord as to rent, but denied the motion for a directed verdict as to possession. After closing arguments and instructions, the jury returned a verdict in favor of the landlord. The trial court entered judgment for possession, but stayed execution and reserved jurisdiction over interest and fees.

Without filing a post-trial motion, defendants appealed the judgment entered against plaintiff. In their brief on behalf of plaintiff, defendants presented a number of issues for review, including the statutory requirements for default notice, the period of cure for default, evidentiary matters, and errors in jury instructions. The land-

lord responded in its brief that no error occurred, that any error which may have occurred was harmless, and that plaintiff's appeal should be dismissed for failure to preserve issues by filing a post-trial motion. The appellate court declined to dismiss the appeal, but found that the substantive issues were waived and affirmed the judgment without deciding those issues. See *American National Bank & Trust Co. v. J & G Restaurant, Inc.* (1981), 94 Ill. App. 3d 318, 418 N.E.2d 909.

On May 29, 1984, plaintiff filed the instant action against defendants seeking $1.25 million in damages. Plaintiff alleged in its complaint that the judgment in favor of the landlord in the forcible entry and detainer action would have been reversed but for defendants' failure to preserve issues on appeal. In response to a demand by defendants, plaintiff filed a bill of particulars on September 17, 1984, specifying the trial errors which allegedly entitled it to a reversal.

Thereafter, the parties submitted the case to the court on cross-motions for summary judgment. Plaintiff argued in support of its motion that the two errors in the earlier case which would have resulted in reversal on appeal were that the trial court misconstrued the lease to provide plaintiff with five days, rather than 10, to cure the default in payment of rent and erred in instructing the jury that plaintiff was required to "pay" the rent within the time permitted rather than to "tender" the rent. At the hearing on the cross-motions, plaintiff conceded that if the trial court's interpretation of the lease was correct, then "[t]hat would dispose of the motion."

The trial court rejected both of plaintiff's arguments and granted defendants' motion for summary judgment. The court reaffirmed its decision on plaintiff's motion to reconsider, and plaintiff appealed.

▋ Summary judgment is properly granted where the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Aspegren v. Howmedica, Inc.* (1984), 129 Ill. App. 3d 402, 472 N.E.2d 822.) Summary judgment will not be reversed absent an abuse of discretion by the trial court such that the plaintiff's right to fundamental justice is violated. (*Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 475 N.E.2d 549.) In the present case, the trial judge acted properly within his discretion in granting defendants' motion for summary judgment since there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law.

▋ In order to prove that an attorney has been negligent in han-

dling an appeal, the client must establish that but for such neglect, he would have prevailed on appeal. (*Gillion v. Tieman* (1980), 86 Ill. App. 3d 147, 407 N.E.2d 1146.) Plaintiff in the instant case has failed to meet this burden since the 1977 lease at issue in the forcible entry and detainer action was properly construed as allowing only five days for cure for nonpayment of rent, a condition which plaintiff admits was not satisfied with respect to the November rent.

Paragraph 15(b) of the lease at issue provides:

> "If Lessee defaults in the payment of Rent and such default continues for five days after Lessor's notice thereof to Lessee as provided in Section 16, or if Lessee defaults in the prompt and full performance of any other provision of this lease, and Lessee does not cure the default within twenty days (forthwith if the default involves a hazardous condition) after written demand by Lessor that the default be cured, Lessor may, if Lessor so elects, but not otherwise, forthwith terminate this lease and Lessee's right to possession of the premises, one or both."

Paragraph R 20 of the lease reads:

> "It is agreed between the parties that the Lessor or Lessee shall not have the right to terminate this lease or bring any action whatsoever for any default by the Lessor or Lessee unless such default shall continue for ten (10) days after delivery of notice to the other party stating the exact nature of the default and the party shall fail to remedy said default during this period."

Paragraph R 20 was contained in a typewritten rider, while paragraph 15(b) was part of the printed form lease. Paragraph R 23 of the rider provides that the provisions of the rider would prevail in the event of a conflict between them and the provisions of the printed form of the lease.

■■ ■ To support its position that the lease was improperly interpreted as requiring five days to cure a default in rent as opposed to 10, plaintiff relies on the well-established axiom that typewritten provisions prevail over printed ones. This rule, however, is applicable only where there is a conflict between typed and printed portions of a document. (*McCarty v. Verson Allsteel Press Co.* (1980), 89 Ill. App. 3d 498, 411 N.E.2d 936.) A contract must be interpreted as a whole (*Bruno Benedetti & Sons, Inc. v. O'Malley* (1984), 124 Ill. App. 3d 500, 464ʼ N.E.2d 292), and neither the printed portion nor the typewritten portion should be disregarded unless there is a conflict between them (*McCarty v. Verson Allsteel Press Co.* (1980), 89 Ill. App. 3d 498, 411 N.E.2d 936). "Rather, a typewritten provision of a con-

tract should prevail over inconsistent printed stipulations only as far as it is apparent that the parties intended to modify or disregard such printed stipulations, and where the antagonism is merely apparent, the difference should be reconciled, if possible, by any reasonable interpretation." *McCarty v. Verson Allsteel Press Co.* (1980), 89 Ill. App. 3d 498, 512, 411 N.E.2d 936, 946.

■ Applying these principles to the case at bar, we conclude that the trial court properly reconciled paragraphs 15(b) and R 20 of the lease. Paragraph 15(b) sets out separate time periods for the cure of three different types of defaults. Plaintiff was bound to cure a default "forthwith" if it involved a hazardous condition, within five days if it involved a default in the payment of rent, and within 20 days if it involved any other default. Paragraph R 20 of the lease allows 10 days to remedy "any default." The trial court interpreted the lease as a whole to mean that paragraph 15(b) would govern two specified defaults, hazardous conditions and nonpayment of rent, whereas paragraph R 20 would control all unspecified defaults. In so ruling, the court adhered to the following principle set forth in *Faith v. Martoccio* (1974), 21 Ill. App. 3d 999, 1003, 316 N.E.2d 164, 167: "In a contract in which there are general and specific provisions relating to the same subject, the specific provision is controlling."

*Book Production Industries, Inc. v. Blue Star Auto Stores, Inc.* (1961), 33 Ill. App. 2d 22, 178 N.E.2d 881, relied on by plaintiff, lends credence to the trial court's interpretation of the lease. In *Book Products*, the plaintiff argued that a typewritten covenant to repair superceded the standard exculpatory clause printed in the lease and therefore authorized an action for damages resulting from the defendant's failure to repair. The appellate court rejected the plaintiff's argument and affirmed dismissal of the complaint. The court found that the two paragraphs could be reconciled, stating:

> "That one is printed and the other typewritten is immaterial here. Effect must be given to all the terms, and neither paragraph may be disregarded. ***. Each paragraph should be construed with reference to the other so that each may stand, if possible, and no part should be disregarded as superfluous." (33 Ill. App. 2d 22, 35, 178 N.E.2d 881, 887.)

Here, the trial court interpreted R 20 with reference to paragraph 15(b) and found that the general provision of R 20 modified the general language of paragraph 15(b). In so doing, the court was able to give effect to the lease as a whole without disregarding any one provision.

Plaintiff, in advocating the deletion of paragraph 15(b) from the

lease, urges this court to interpret the phrase "any default" in accordance with the principles enunciated in *People ex rel. Scott v. Silverstein* (1981), 94 Ill. App. 3d 431, 418 N.E.2d 1087. In *Silverstein*, the court held that a preliminary injunction prohibiting only the sale of museum artifacts was a modification of a prior injunction enjoining the sale of "any assets" of the museum, thus conferring appellate jurisdiction. *Silverstein* is inapplicable to the facts of the present case, however, since the court there was not asked to reconcile an apparent conflict in the terms of the injunction, as we are asked to do with respect to the lease in question.

Moreover, plaintiff's position that the provisions of R 20 prevail over those in paragraph 15(b) is patently unreasonable. Under plaintiff's theory, the landlord agreed to allow a hazard to persist upon its premises for 10 days rather than "forthwith" upon notice, clearly an absurd result. Furthermore, if the parties intended R 20 to supercede paragraph 15(b) in its entirety, they would have stricken 15(b) as they did paragraphs 1(b) and 1(c) in the provision entitled "Service" in the printed portion of the lease.

In light of this court's affirmation of the trial court's construction of the lease to provide a five-day cure period for the nonpayment of rent, and plaintiff's concession that this condition was not fulfilled, we need not consider plaintiff's remaining contention concerning the propriety of the jury instructions, which accurately reflected the five-day cure period.

For the foregoing reasons, the order of the circuit court of Cook County entering summary judgment in favor of defendants is affirmed.

Affirmed.

O'CONNOR and MANNING, JJ., concur.