CARL JOHNSON, Plaintiff-Appellant, v. TRANSPORT INTERNATIONAL POOL, INC., d/b/a G.E. Capital Modular Space Company, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—02—1695

Opinion filed December 22, 2003.

Martin L. Glink, of Arlington Heights, for appellant.

Doherty & Progar, L.L.C. (Kevin W. Doherty and Mary Jo Greene, of counsel), and Swanson, Martin & Bell (Stanley V. Boychuck and Kevin V. Boyle, of counsel), both of Chicago, for appellees.

JUSTICE McNULTY delivered the opinion of the court:

■ In this case we must interpret Supreme Court Rules 366(b) (155 Ill. 2d R. 366(b)) and 361(b) (210 Ill. 2d R. 361(b)). We find that a party who fails to file a posttrial motion following entry of judgment on a jury verdict forfeits appellate review of all waivable issues, but this forfeiture does not preclude this court from considering the appeal. Rule 361(b), which governs motions in the appellate court, prohibits parties from using appellate briefs to argue the motions, unless this court has expressly permitted the parties to address the appellate motion in their briefs.

Carl Johnson delivered a computer to Kindercare Learning Centers in 1998. As he left, he fell on temporary stairs and broke bones in his leg and foot. He sued Kindercare and several other parties, including Transport International Pool (TIP), which set up the temporary stairs. Johnson settled his claims against all parties other than Kindercare and TIP. A jury found in favor of Kindercare and TIP, and the trial court entered judgment on the jury verdict. Johnson filed no posttrial motion. Instead, he appealed to this court. On appeal he contests several evidentiary rulings, and he claims that the trial court committed reversible error in rulings on jury instructions concerning missing witnesses and sole proximate cause.

Kindercare made a motion in this court for summary affirmance of the judgment due to Johnson's failure to file a posttrial motion. Johnson filed a timely response to the motion, and this court decided to take the motion with the case. Kindercare used several pages at the

beginning of its brief on appeal to reply to Johnson's response to the motion for summary affirmance. Johnson moved to strike these pages from Kindercare's brief.

■ Although Johnson did not cite to the rule, he apparently intended to invoke Rule 361(b). The rule specifies: "Except by order of court, replies to responses will not be allowed." (210 Ill. 2d R. 361(b)(2). No order of this court mentions replies to responses or any further briefing of the issue raised by Kindercare's motion. Kindercare never sought leave of this court to file a reply to Johnson's response to the motion. When a party files papers without leave of court, and rules require leave of court for the filings, the court may strike the papers filed. See *Ganci v. Blauvelt*, 294 Ill. App. 3d 508, 519 (1998). We hold that the inclusion in the appellate brief of a reply to Johnson's response to the motion, without order of this court permitting such a reply, violated Rule 361(b). See *Bramson v. Bramson*, 4 Ill. App. 2d 249, 253 (1955). Accordingly, we strike from Kindercare's brief all material from the top of the first page to the beginning of the statement of facts on page six. We will not consider those pages for this appeal.

■ Kindercare based the motion for summary affirmance on Rule 366(b)(2)(iii). That rule provides that in cases tried to a jury, "[a] party may not urge as error on review of the ruling on the party's post-trial motion any point, ground, or relief not specified in the motion." 155 Ill. 2d R. 366(b)(2)(iii). By contrast, Supreme Court Rule 366(b)(3)(ii) provides that in nonjury cases, "[n]either the filing of nor the failure to file a post-judgment motion limits the scope of review." 155 Ill. 2d R. 366(b)(3)(ii). Courts have construed Rule 366(b)(2)(iii) to mean that if the trial court has entered judgment on a jury verdict, and a party fails to file a posttrial motion, that party has forfeited appellate review of all waivable issues. *American National Bank & Trust Co. of Chicago v. J&G Restaurant, Inc.*, 94 Ill. App. 3d 318, 319 (1981).

Johnson responds that our supreme court, in *Chand v. Schlimme*, 138 Ill. 2d 469 (1990), established a contrary interpretation of the rule. In that case the plaintiff won a jury verdict at trial, but the trial court granted the defendant's motion for judgment notwithstanding the verdict. Our supreme court held that section 2—1202(c) of the Code of Civil Procedure permitted the plaintiff to file a posttrial motion, because the plaintiff was "[a] party against whom judgment is entered pursuant to post-trial motion." Ill. Rev. Stat. 1985, ch. 110, par. 2—1202(c). The court expressly found that "it was not essential that plaintiff file such a post-trial motion to preserve her appeal." *Chand*, 138 Ill. 2d at 477. Johnson claims the statement applies equally to him.

We disagree. In *Chand* the plaintiff did not appeal from a judgment entered on a jury verdict; instead, the trial court had explicitly rejected the jury's verdict and entered a judgment notwithstanding the verdict. When the trial court, after a jury trial, enters a judgment that does not follow the jury verdict, Rule 366 does not require a posttrial motion. *Keen v. Davis*, 38 Ill. 2d 280, 281-82 (1967); *E.M. Melahn Construction Co. v. Village of Carpentersville*, 100 Ill. App. 3d 544, 547 (1981). After *Chand*, Illinois courts have continued to find issues waived if not raised in a posttrial motion. *Nilsson v. NBD Bank of Illinois*, 313 Ill. App. 3d 751, 767 (1999). Johnson forfeited review of all issues he raises on appeal by failing to file a posttrial motion.

■ Johnson points out that Supreme Court Rules 301 and 303 give this court jurisdiction to consider the appeal even without a posttrial motion. 155 Ill. 2d Rs. 301, 303. We agree. Our supreme court has held that procedural default, including forfeiture by failure to file a posttrial motion, does not limit the jurisdiction of the reviewing court. *Schutzenhofer v. Granite City Steel Co.*, 93 Ill. 2d 208, 210-11 (1982). When the interests of justice so require, this court has authority to address issues for which the parties have forfeited appellate review. *In re Marriage of Brackett*, 309 Ill. App. 3d 329, 338 (1999).

Here Johnson recovered a substantial sum in settlements, and the evidence at trial amply supports the verdict. Even if we grant the requested relief of a new trial, a new jury may well return the same verdict. The alleged errors in rulings on evidence and instructions do not implicate concerns for potential deterioration of the integrity and reputation of the judicial process. See *Muscarello v. Peterson*, 20 Ill. 2d 548, 555 (1960); *People v. Vargas*, 174 Ill. 2d 355, 363 (1996). The interests of justice do not demand full analysis of the procedurally defaulted issues.

Because Johnson filed no posttrial motion following entry of judgment on the jury's verdict, we summarily affirm the judgment of the trial court. See *American National*, 94 Ill. App. 3d at 320.

Affirmed.

GORDON and McBRIDE, JJ., concur.